**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MVK FARMCO LLC, *et al.*,[1] | ) Case No. 23-11721 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 32** |

**ORDER (I) APPROVING BIDDING PROCEDURES
IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' ASSETS, (II) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF, (III) SCHEDULING AN AUCTION AND
SALE HEARING, (IV) APPROVING PROCEDURES FOR THE ASSUMPTION
AND ASSIGNMENT OF CONTRACTS, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), (a) approving the Bidding Procedures attached hereto as **Exhibit 1**, (b) approving the manner of the notice of the Auction, if any, and Sale Transaction (the "Sale Notice") attached hereto as **Exhibit 2**, (c) establishing certain dates and deadlines, including the Bid Deadline and Auction Date, (d) approving the assumption and assignment procedures, including the assignment and assumption notice (the "Assumption and Assignment Notice") attached hereto as **Exhibit 3**, (e) approving the form

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201). The location of the Debtors' service address is: 7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Bidding Procedures, the Motion, or the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 503, 506, 507, and 552 and Fed. R. Bankr. P. 2002, 4001, 6003, 6004, and 9014 (I) Authorizing the Debtors to Use Cash Collateral, (II) Providing Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 108] (the "Interim Cash Collateral Order"), or any further interim or final order granting the relief requested in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Providing Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 14] (together with the Interim Cash Collateral Order, the "Cash Collateral Order"), as applicable.

and notice of successful bidder (the "Successful Bidder Notice") attached hereto as **Exhibit 4**; and (f) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration and the Sandahl Declaration;[3] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

**THE COURT HEREBY FINDS THAT**:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings

---

[3]    The *Declaration of Ryan Sandahl in Support of the Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Approving the Form and Manner of Notice Thereof, (III) Scheduling an Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Contracts, (V) Approving the Sale of the Debtors' Assets Free and Clear, and (V) Granting Related Relief* [Docket No. 136] (the "Sandahl Declaration").

of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      Good and sufficient notice of the Motion, the Bidding Procedures, and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C.      The bases for the relief requested in the Motion are sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rules 2002(a)(2), 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2002-1, 6004-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

D.      The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bidding Procedures in connection with the sale of some or substantially all of the Assets, (b) approve the form and manner of notice thereof, (c) schedule an auction and sale hearing, (d) approve procedures for the assumption and assignment of contracts and leases, and (e) grant related relief.

E.      The Debtors have articulated good and sufficient business reasons for the Court to approve the bidding procedures attached hereto as **<u>Exhibit 1</u>** (the "<u>Bidding Procedures</u>").  The Bidding Procedures are fair, reasonable, appropriate, and are designed to maximize creditor recoveries from the consummation of the Sale Transaction, and are consistent with the Debtors' exercise of their respective fiduciary duties under applicable law.  The Bidding Procedures were

negotiated in good faith and at arm's-length and are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Assets.

F.       The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and thereby:  (a) approve the Bidding Procedures in connection with the sale of some or substantially all of the Assets, (b) approve the form and manner of notice thereof as described in paragraph 7 herein (including the Sale Notice), (c) schedule an Auction and Sale Hearing, (d) approve procedures for the assumption and assignment of contracts and leases, and (e) grant related relief as set forth herein.  Such compelling and sound business justification, which was set forth in the Motion and the First Day Declaration, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

G.       The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is reasonably calculated to provide interested parties with timely and proper notice of the proposed Sale Transaction(s), including, without limitation:  (a) the date, time, and place of the Auction (if any); (b) the Bidding Procedures; (c) reasonably specific identification of the Assets to be sold; and  (d) a description of the Sale Transaction(s) as being free and clear of liens, claims, encumbrances, and other interests (except as set forth in the applicable definitive Sale Transaction documentation), with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the Sale Transaction proceeds, and no other or further notice of the Sale Transaction(s) shall be required.

H.       The Debtors have articulated good and sufficient business reasons for the Court to approve the assumption and assignment procedures set forth herein (the "Assumption and Assignment Procedures"), which are fair, reasonable, and appropriate.  The Assumption and

Assignment Procedures comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

I.        The Assignment and Assumption Notice, the form of which is attached hereto as **Exhibit 3**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Assumption and Assignment Procedures, as well as any and all objection deadlines related thereto, and no other or further notice shall be required for the Motion and the procedures described therein, except as expressly required herein.

J.        The Successful Bidder Notice, substantially in the form attached hereto as **Exhibit 4**, is reasonably calculated to provide interested parties with timely and proper notice of the proposed Sale Transaction(s), including, without limitation:   (a) the Successful Bidder, (b) the Back-Up Bidder, if applicable, (c) the proposed Bid Protections provided to the Successful Bidder, if any, (d) the key terms of the proposed Sale Transaction(s), and (e) the date, time, and place of the Sale Hearing.

K.        Notice of the Motion, the proposed Bidding Procedures, and the Bidding Procedures Hearing was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and (iii) adequate and sufficient under the circumstances of the Debtors' chapter 11 cases, such that no other or further notice need be provided except as set forth in the Bidding Procedures and the Assumption and Assignment Procedures.  A reasonable opportunity to object and be heard regarding the relief granted herein has been afforded to all parties in interest.

L.      The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

M.      The Bidding Procedures comply with the requirements set forth by Local Rule 6004-(1)(c).

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3.      **Potential Stalking Horse Bidder Designation**.  Pursuant to the Bidding Procedures, the Debtors are authorized, but not directed, with the prior written consent of each Prepetition Agent (at the direction of the applicable Prepetition Lenders under each of the Prepetition Credit Agreements), and in consultation with the official committee of unsecured creditors (the "Committee"), to select one or more Qualified Bidders that submit a Qualified Bid for all or any portion of the Assets to act as Stalking Horse Bidders and enter into a Stalking Horse APA with each such Stalking Horse Bidder **no later than November 21, 2023, at 5:00 p.m. (prevailing Eastern Time)**; *provided*, *however*, that during any period in which a Prepetition Lender and/or Prepetition Agent has submitted a Qualified Bid (including a credit bid) and has become a Qualified Bidder, such Prepetition Lender and/or Prepetition Agent shall no longer be considered a Consultation Party under the Bidding Procedures, and such party's consent shall not be required to designate a Stalking Horse Bidder, solely for so long as such Prepetition Lender's Bid remains a Qualified Bid and is not disqualified or withdrawn.  The

Debtors are further authorized, but not directed, to offer the Bid Protections to such Stalking Horse Bidder(s) provided that the total Bid Protections offered to any Stalking Horse Bidder shall not exceed three percent (3%) of the total cash consideration payable under such Stalking Horse APA, inclusive of any expense reimbursement, and subject to the objection process in paragraph 4 below.  The Stalking Horse Bid and Stalking Horse APA shall be subject to higher or otherwise better offers consistent with the Bidding Procedures, and no Bid Protections shall be offered on account of any portion of the purchase price of such Stalking Horse Bid that is a credit bid, assumption of liabilities, or non-cash (or cash-equivalent) consideration.  Further, no Bid Protections shall be provided to an insider or an affiliate of the Debtors.

4.      If the Debtors, consistent with the Bidding Procedures, and in consultation with the Consultation Parties, determine to offer Bid Protections to any Stalking Horse Bidder, the Debtors shall file with the Court and serve a notice (a "Stalking Horse Notice") seeking approval of the designation and the Bid Protections which shall include:  (a) the identity of the Stalking Horse Bidder; (b) the amount of the Stalking Horse Bid; (c) a copy of the Stalking Horse APA; (d) the proposed Bid Protections to be provided to the Stalking Horse Bidder; (e) a declaration in support of the proposed Bid Protections, which includes whether the Stalking Horse Bidder has any connection with the Debtors other than that arises from the Stalking Horse Bid; and (f) a proposed form of an order approving the Bid Protections (the "Stalking Horse Order").  Any objection to (i) the Bid Protections set forth in a Stalking Horse Notice, (ii) the form of Stalking Horse Order, or (iii) the designation of the Stalking Horse (a "Stalking Horse Objection"), shall be filed **no later than three (3) days after the filing of the Stalking Horse Notice at 4:00 p.m. (prevailing Eastern Time)**.  If a timely Stalking Horse Objection is filed, the Debtors are authorized to seek an expedited hearing with respect to the Stalking Horse Objection on **not less**

**than three (3) calendar days' notice**.  Absent any timely Stalking Horse Objection, the Court may enter the Stalking Horse Order without further hearing.

5.       **Bid Deadline**.  **November 28, 2023, at 5:00 p.m. (prevailing Eastern Time)**, is the deadline by which all Bids for a Sale Transaction (as well as the Good Faith Deposit and other documentation required under the Bidding Procedures for a Bid to be considered a Qualified Bid) must be submitted in accordance with the terms of the Bidding Procedures.  The Debtors may extend such deadline in accordance with the Bidding Procedures and in consultation with the Consultation Parties without any further motion in this Court; *provided* that the Debtors shall file a notice with the Court if the Debtors decide, in consultation with the Consultation Parties, to extend the deadline by which Bids for a Sale Transaction must be submitted.

6.       **Minimum Bid**.  Each Bid for all or substantially all of the Debtors' Assets must consist of consideration to be paid at the closing of the transactions contemplated by the Modified APA in an amount equal to at least $275,000,000; *provided*, *however*, that any Bid for less than substantially all of the Debtors' Assets will not be subject to any minimum bid amount threshold.  Each Bid must set forth the total purchase price for such Bid.

7.       **Credit Bidding**.   The Prepetition Lenders and Prepetition Agents shall be permitted, pursuant to section 363(k) of the Bankruptcy Code, to credit bid all or any portion of the Obligations, under (and as defined in) each of the Prepetition Credit Agreements, as applicable, to acquire the Assets (each dollar of such obligations that is credit bid shall be treated the same as a dollar of cash); *provided* that a Prepetition Lender or Prepetition Agent shall not be permitted to credit bid at or after the Auction, unless the applicable Prepetition Lender or Prepetition Agent notifies the Debtors (email between counsel being sufficient) that they intend

to credit bid **at least one (1) calendar day before the commencement of the Auction**. Notwithstanding anything to the contrary herein, nothing in these Bidding Procedures shall be considered as a waiver of the right of the Committee or any other party in interest to object to, or seek to limit, the Credit Bid during the Challenge Period under section 363(k) of the Bankruptcy Code; *provided*, however, that this reservation of rights is not intended to, and does not, expand or limit the Challenge Period or the Challenge rights provided for under the Cash Collateral Order.  Any such credit bid will be deemed a Qualified Bid regardless of whether it meets the specified requirements herein, and the applicable Prepetition Lender or Prepetition Agent shall not be required to provide any additional diligence information to participate in a credit bid.

8.      __Auction__.  If at least two Qualified Bids (including any Bid by a Stalking Horse Bidder) are received by the Bid Deadline with regard to any particular Asset, the Debtors will conduct an auction no later than __**December 4, 2023 at 10:00 a.m. (prevailing Eastern Time)**__ in person at the office of Kirkland & Ellis LLP, 300 N. LaSalle Dr., Chicago, IL 60654 and/or via remote video at the Debtors' election (the "Auction Date"), in consultation with the Committee. If held, the Auction proceedings will be transcribed.  In the event the Debtors, in consultation with the Consultation Parties, determine an Auction shall be held, the Debtors shall send written notice of the date, time, and place of the Auction to the Qualified Bidders no later than one business day before such Auction (email shall suffice), and will post notice of the date, time, and place of the Auction no later than one business day before such Auction on their restructuring website,  https://cases.stretto.com/primawawona  (the "Case Website").   Only the following parties, and their respective professionals and principals, and their respective representatives and counsel, may attend the Auction: (i) the Debtors, (ii) the United States Trustee, (iii) any Qualified Bidder, (iv) each Consultation Party, (v) any creditors that request access to the

Auction within 48 hours prior to the date of the Auction, and (vi) any other parties that the Debtors deem appropriate.

9.       Each Qualified Bidder participating in the Auction will be required to confirm in writing and on the record at the Auction that (a) it has not engaged in any collusion with respect to the bidding or sale of any of the Debtors' Assets or otherwise taken any other action to prevent a transparent and competitive auction process, and (b) its Qualified Bid is a good faith *bona fide* offer that it intends to consummate if selected as the Successful Bidder or Back-Up Bidder.

10.      Following the Auction, the Debtors will determine, in consultation with the Consultation Parties, which Qualified Bid is the highest or otherwise best Bid(s) for the Assets or subsets thereof.  No later than **December 5, 2023 at 4:00 p.m. (prevailing Eastern Time)**, or as soon as reasonably practicable following the Auction, the Debtors will serve the Successful Bidder Notice, substantially in the form attached hereto as **Exhibit 4**, or notice of cancellation, as applicable, (a) by overnight delivery service upon the applicable contract or lease counterparties (the "Contract Counterparties") at the address set forth in the notice provision of the applicable contract (and their counsel, if known) and (b) by first class mail, email, or fax upon the Notice Parties (as defined below).  The Debtors shall file the Successful Bidder Notice or notice of cancellation, as applicable, and the final form of proposed order approving the Sale Transaction.

11.      **Good Faith Deposits**.  The Debtors may open one or more escrow accounts to hold the Good Faith Deposits of all Qualified Bidders.  The Debtors shall hold and return the Good Faith Deposits of Qualified Bidders in accordance with the Bidding Procedures.  If a Successful Bidder (or if the Sale Transaction is to be consummated with the applicable Back-Up Bidder, then such Back-Up Bidder) fails to consummate the Sale Transaction because of a breach or failure to perform on the part of such Bidder, then the Debtors and their estates shall be

entitled to retain the Good Faith Deposit of such Successful Bidder (or, if the Sale Transaction is to be consummated with a Back-Up Bidder, then such Back-Up Bidder) as part of the damages resulting to the Debtors and their estates for such breach or failure to perform. Any such forfeited Good Faith Deposit shall become property of the Debtors' estates, shall be considered proceeds of the Assets, and shall be subject to the liens of the Debtors' Prepetition Secured Parties (as defined in the Cash Collateral Order), in accordance with the lien priorities set forth in Annex 2 of the Cash Collateral Order.

12.     **Sale Transaction Objections**. All general objections to the Sale Transaction, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court and served so as to be *actually received* by no later than **November 24, 2023 at 4:00 p.m. (prevailing Eastern Time)** on the following parties (collectively, the "Notice Parties"): (i) the Debtors, 7700 N. Palm Ave., Suite 206, Fresno, CA 93711; (ii) counsel to the Debtors, (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan Blaine Bennett P.C. (ryan.bennett@kirkland.com), Whitney C. Fogelberg (whitney.fogelberg@kirkland.com), Rob Jacobson (rob.jacobson@kirkland.com), and Dave Gremling (dave.gremling@kirkland.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Delaware, Wilmington, Delaware 19801, Attn: Joseph M. Barry (jbarry@ycst.com), Kenneth J. Enos (kenos@ycst.com), and Andrew A. Mark (amark@ycst.com); (iii) counsel to the Committee, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 Attn: Jeffrey D. Prol (jprol@lowenstein.com), Bruce S. Nathan (bnathan@lowenstein.com), Andrew D. Behlmann (abehlmann@lowenstein.com), and Colleen M. Restel (crestel@lowenstein.com), and (b) Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801, Attn: Michael Busenkell

(mbusenkell@gsbblaw.com); (iv) the Office of the United States Trustee for the District of

Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington,

Delaware 19801 Attn:  Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any other party that

has requested notice pursuant to Bankruptcy Rule 2002.

13.     Following service of the Successful Bidder Notice, parties may object to the

conduct of the Auction, the particular terms of any proposed Sale Transaction in a Successful

Bid, the identity of the Successful Bidder(s) or Backup Bidder(s), or adequate assurance of future

performance of the Successful Bidder(s) (each such objection, a "Post-Auction Objection").  Any

Post-Auction Objection must (a) be in writing, (b) state, with specificity, the legal and factual

bases thereof, and (c) be filed with the Court and served so as to be *actually received* by no later

than **December 6, 2023 at 4:00 p.m. (prevailing Eastern Time)** on the Notice Parties.

**I.      Auction, Bidding Procedures, and Related Relief.**

14.     The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1**,

are incorporated herein and are hereby approved in their entirety.  The Bidding Procedures shall

govern the submission, receipt, and analysis of all Bids relating to any Sale Transaction.  Any

party desiring to submit a Bid shall comply with the Bidding Procedures and this Order.

The Debtors are authorized to take any and all actions necessary to implement the Bidding

Procedures and the Debtors and their professionals shall direct and preside over the Auction.

15.     **Noticing Procedures**.  The noticing procedures as set forth in this Order and the

Motion, including the Sale Notice attached hereto as **Exhibit 2**, are hereby approved.  Within

two business days after entry of this Order, or as soon as reasonably practicable thereafter, the

Debtors shall serve the Sale Notice by first-class mail upon the parties that received notice of the

Motion.  On or about the same date, the Debtors will publish the Sale Notice on the Debtors'

Case Website and will also publish a notice substantially similar to the Sale Notice in *The Fresno Bee* and the *USA Today* (national edition) (the "Publication Notice"). Service of the Sale Notice and publication thereof in the manner described in this Order constitutes good and sufficient notice of the Auction and the Sale Hearing. No other or further notice is required.

16.    **Cancellation of Auction**. If one Qualified Bid (including any Stalking Horse Bid) or no Qualified Bid (or Bid that may be remedied into a Qualified Bid pursuant to the Bidding Procedures and is actually remedied into a Qualified Bid prior to the Auction) is received by the Bid Deadline, the Debtors, in consultation with the Consultation Parties, shall (a) notify the Court in writing that the Auction is cancelled, (b) file a notice of cancellation of the Auction, and (c) if applicable, seek authority at the Sale Hearing to consummate the Sale Transaction with the Qualified Bidder (including any Stalking Horse Bidder). The Debtors may also cancel the Auction if they determine, in consultation with the Consultation Parties, to implement the Sale Transaction through a chapter 11 plan of reorganization in advance of the Bid Deadline.

17.    **Sale Hearing**. The Sale Hearing shall be held in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801, on **December 8, 2023, at 10:30 a.m. (prevailing Eastern Time)** or such other date and time that the Court may later direct; *provided* that the Sale Hearing may be adjourned, from time to time, in accordance with the Bidding Procedures without further notice to creditors or parties in interest other than by filing a notice on the Court's docket.

**II.    Approval of the Assumption and Assignment Procedures.**

18.    The assumption and assignment procedures as set forth in this Order and the Motion, including the Assignment and Assumption Notice and Successful Bidder Notice

attached hereto as **Exhibit 3** and **Exhibit 4**, are hereby approved.  No later than three business days (or as soon as reasonably practicable thereafter) after the entry of this Order, the Debtors shall file an Assumption and Assignment Notice, substantially in the form attached hereto as **Exhibit 3**, and serve such notice (a) by overnight delivery service upon the applicable Contract Counterparties at the address set forth in the notice provision of the applicable contract or lease (and their counsel, if known) and (b) by first class mail, email, or fax upon the Notice Parties. The Assumption and Assignment Notice shall notify the Contract Counterparties that the applicable executory contracts and unexpired leases are subject to potential assumption and assignment and of the Debtors' proposed cure amounts relating to such executory contracts and unexpired leases.

19.     Following the Bid Deadline, upon request by any Contract Counterparty, the Debtors will send such party evidence that any Qualified Bidder that included such contract or lease in its Bid has the ability to perform thereunder and otherwise complies with the requirements of adequate assurance of future performance under section 365(b)(1) on a confidential basis for all nonpublic information.

20.     A Contract Counterparty objecting to a proposed cure amount or assumption and assignment on any basis (except objections solely related to adequate assurance of future performance by Successful Bidder) must file a written objection with the Court by fourteen days after serving the applicable Assumption and Assignment Notice, and serve such objection on the Notice Parties (such deadline, the "Assumption and Assignment Objection Deadline").  The Debtors shall file on the docket in these chapter 11 cases copies of the Successful Bidder Notice or notice of cancellation, as applicable, and the final form of proposed order approving the Sale Transaction as agreed upon between the Debtors (in consultation in the Consultation Parties) and

the Successful Bidder.

21.    In the event that the Debtors later identify any Contract Counterparty which was not served with the Assumption and Assignment Notice, the Debtors may subsequently serve such Contract Counterparty with an Assumption and Assignment Notice substantially in the form attached hereto (each, a "Supplemental Assumption and Assignment Notice"), and the Assumption and Assignment Procedures will nevertheless apply to such Contract Counterparty; *provided* that the Assumption and Assignment Objection Deadline with respect to a Contract Counterparty listed on a Supplemental Assumption and Assignment Notice shall be fourteen days following the date of service of a Supplemental Assumption and Assignment Notice.

22.    If an objection to the Debtors' proposed cure amounts is timely filed and not withdrawn or resolved by the Sale Hearing, such cure objections will not be heard at the Sale Hearing.  Any dispute regarding the cure amounts will either be resolved consensually, if possible, or, if the parties are unable to resolve, at a later date as set by the Court.  The Debtors shall file and serve a notice for a hearing for the Court to consider the unresolved cure objection(s) at the next scheduled omnibus hearing which shall be set fourteen days after the Sale Hearing, subject to Court availability, unless the Debtors and the objecting parties agree to a different time and subject to the Court's schedule.  The Debtors reserve the right to reject, and not assume and assign, any contract depending on the ultimate resolution of any cure amount in dispute; *provided* that, in the case of an unexpired lease of non-residential real property, such determination shall be prior to the expiration of the applicable deadline to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code.  For the avoidance of doubt, if the Successful Bidder determines, in its sole discretion, that the cure dispute is too material, the Successful Bidder may delay the assignment of such contract or lease until the resolution of the

cure amount; *provided* that, in such case, if any, the Successful Bidder shall be responsible for any and all costs arising under such contract or lease during the pendency of the dispute.

23.     If no objection to the assumption of any contract or lease is timely filed or if an objection is filed and resolved, each contract or lease to be assumed and assigned to the Successful Bidder shall be assumed as of the effective date of the assumption and assignment of the contract or lease (the "Assignment Date") set forth in the applicable Successful Bidder Notice or such other date as the Debtors and the Contract Counterparty agree and the proposed cure amount shall be binding on all Contract Counterparties and the Contract Counterparties will be forever barred from asserting any other claims related to the contract or lease against the Debtors.    Upon the Assignment Date, the Successful Bidder shall pay all applicable cure amounts.

24.     As soon as reasonably practicable after the closing of a Sale Transaction, the Debtors will file with the Court, serve on the applicable Contract Counterparties and cause to be published on the Case Website, a notice containing the list of contracts and leases that the Debtors assumed and assigned pursuant to any asset purchase agreement with a Successful Bidder.

25.     The inclusion of a contract on the Successful Bidder Notice shall not:  (a) obligate the Debtors to assume or assign any contracts or leases listed thereon; or (b) constitute any admission or agreement of the Debtors that such contract or lease is an executory contract.  Only those contracts and leases that are included on a schedule of assumed and acquired contracts and leases attached to a final asset purchase agreement will be assumed and assigned, and shall only be assumed and assigned upon the Assignment Date.

### III.    **Miscellaneous.**

26.    The failure to include or reference a particular provision of the Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

27.    All parties in interest reserve any right they may have to object to, or otherwise contest, any proposed sale of the Debtors' assets requiring Court approval (and the appropriate allocation of sale proceeds set forth in any order).

28.    In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

29.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and such notice satisfies the applicable Local Rules.

30.    To the extent the dates and deadlines herein are modified pursuant to the Bidding Procedures and such modification is inconsistent with the requirements of Local Rule 9006-1, such requirements shall be deemed satisfied.

31.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

32.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

33.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  This Court has the authority to fashion appropriate relief, on an emergency basis or otherwise, for any violations of this Order or the Bidding Procedures.

**Dated: November 17th, 2023**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**