## Exhibit 1

**Bidding Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MVK FARMCO LLC, *et al.*,[1] | Case No. 23-11721 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __** |

### BIDDING PROCEDURES

On October 13, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). As described more fully in the *Declaration of John Boken, Interim Chief Executive Officer of MVK FarmCo LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 13] (the "First Day Declaration"), the Debtors' *Motion for Entry of An Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Approving the Form and Manner of Notice Thereof, (III) Scheduling An Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Contracts, (V) Approving the Sale of the Debtors' Assets Free and Clear, and (IV) Granting Related Relief* [Docket No. 32] (the "Bidding Procedures Motion"), and *Declaration of Ryan Sandahl in Support of the Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Approving the Form and Manner of Notice Thereof, (III) Scheduling an Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Contracts, (V) Approving the Sale of the Debtors' Assets Free and Clear, and (V) Granting Related Relief* [Docket No. 136] (the "Sandahl Declaration"), the Debtors are pursuing one or more value maximizing sale transactions, or, in the alternative, an equitization transaction with the Debtors' Prepetition Lenders (as defined below) via confirmation of a chapter 11 plan (the "Equitization Restructuring").

On [●], 2023, the Bankruptcy Court entered an order (the "Bidding Procedures Order")[2] [Docket No. [●]] approving the bidding procedures set forth below (the "Bidding Procedures"). The Bidding Procedures set forth the process to determine the highest and best offer (or offers)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201).  The location of the Debtors' service address is:  7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion, the Bidding Procedures Order, or the Cash Collateral Order, as applicable.

for a sale (or sales) (each, a "<u>Sale Transaction</u>") of (i) all or substantially all of the assets of the Debtors, or (ii) a subset of the assets of the Debtors (each, an "<u>Asset</u>," and collectively, the "<u>Assets</u>")[3] by providing interested parties with the opportunity to qualify for and participate in an auction (the "<u>Auction</u>") to be conducted by the Debtors and to submit competing bids for all or part of the Assets.

---

**COPIES OF THE BIDDING PROCEDURES ORDER OR ANY OTHER DOCUMENTS IN THE DEBTORS' CHAPTER 11 CASES ARE AVAILABLE UPON REQUEST TO STRETTO, INC., BY CALLING (888) 405-4599 (TOLL FREE) AND (949) 385-6774 (INTERNATIONAL) OR BY VISITING THE DEBTORS' RESTRUCTURING WEBSITE AT <u>HTTPS://CASES.STRETTO.COM/PRIMAWAWONA</u>.**

---

### Assets to Be Sold "Free and Clear"

Except as otherwise provided in a Modified APA (as defined below) submitted by a Successful Bidder (as defined below), all of the Debtors' right, title, and interest in and to the Assets subject thereto shall be sold free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon (collectively, the "<u>Interests</u>"), subject only to the Assumed Liabilities and Permitted Encumbrances (each as defined in the Modified APA of the applicable Successful Bidder), to the maximum extent permitted by section 363 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the sale(s) of the Assets with the same validity, force, effect, and priority as such Interests applied against the Assets as of the date the Debtors' commenced these Chapter 11 Cases, subject to any rights, claims, and defenses of the Debtors.

A party may participate in the bidding process by submitting a bid for **(a) all or substantially all of the Assets and/or (b) one or more, or any combination of, Assets of one or more Debtors**, as that party may desire.

---

[3]  The Debtors acknowledge that they and Daniel J. Gerawan ("<u>Gerawan</u>"), among other parties, are party to that certain Agreement RE: Gerawan Family Pre-closing Emails and the "gerawan.com" Domain Name, effective as of November 29, 2022 (the "<u>Gerawan Agreement</u>") and remain subject to the terms and conditions thereof.  The Gerawan Agreement sets forth the terms and conditions pursuant to which certain emails and other information that may be (i) stored on servers owned by the Debtors, (ii) unrelated to the operation of the Debtors' business, and (iii) related to matters personal to Gerawan and/or his family are to be segregated from the Debtors' other assets.

**<u>Submission of Bid</u>**

**Any interested bidder should contact, as soon as practicable:**

**Houlihan Lokey Capital, Inc.**
111 S Wacker Dr., Floor 37
Chicago, IL 60606
Attn:

| Ryan Sandahl | Steve Balash | Dane Lewis |
|---|---|---|
| RSandahl@HL.com | SBalash@HL.com | DGLewis@HL.com |
| (tel.) +1 (312) 456-4796 | (tel.) +1 (312) 462-6455 | (tel.) +1 (312) 462-6459 |

**<u>Key Dates and Deadlines</u>**

The key dates and deadlines for the sale process are as follows:

| Deadline | Item |
|---|---|
| **Two business days (or as soon as reasonably practicable thereafter) after the entry of the Bidding Procedures Order** | Deadline for the Debtors to file and serve the Sale Notice[4] and publish the Publication Notice[5] |
| **Three business days (or as soon as reasonably practicable thereafter) after the entry of the Bidding Procedures Order** | Deadline for the Debtors to file and serve the initial Assumption and Assignment Notice. |
| **November 21, 2023 at 5:00 p.m. (prevailing Eastern Time)** | Stalking Horse Bidder Designation (as defined below) (if the Debtors so choose to designate one or more Stalking Horse Bidders (as defined below)). |

---

[4]  "<u>Sale Notice</u>" shall mean the notice the Debtors will file with the Bankruptcy Court and cause to be published on the Debtors' Case Website setting forth (A) a description of the Assets available for sale in accordance with these Bidding Procedures; (B) the date, time, and location of the Auction and proposed Sale Hearing; (C) the Sale Transaction Objection Deadline and the procedures for filing such objections; and, if applicable, (D) a summary of the material terms of any Stalking Horse APA, including the terms and conditions of any Bid Protections to be provided thereunder, if applicable.

[5]  "<u>Publication Notice</u>" shall mean a notice which the Debtors shall cause to be published in *The Fresno Bee* and the national edition of *USA Today* which shall include the information contained in the Sale Notice.

| Deadline | Item |
|---|---|
| **No later than three days after the filing of the Stalking Horse Notice (as defined below) at 4:00 p.m. (prevailing Eastern Time)** | Stalking Horse Objection Deadline (if the Debtors so choose to designate one or more Stalking Horse Bidders). |
| **November 24, 2023 at 4:00 p.m. (prevailing Eastern Time)** | Sale Transaction Objection Deadline |
| **One Calendar Day Before the Auction** | Deadline for the Prepetition Lenders and/or Prepetition Agents (as defined herein) to notify the Debtors if they intend to submit a credit bid for any or all of the Assets. |
| **November 28, 2023 at 5:00 p.m. (prevailing Eastern Time)** | Bid Deadline |
| **December 4, 2023 at 10:00 a.m. (prevailing Eastern Time)** | Auction Date |
| **Within six (6) hours following the conclusion of the Auction, or as soon as reasonably practicable thereafter** | Deadline for the Debtors to serve, via overnight delivery service, the Successful Bidder Notice and adequate assurance information upon affected Contract Counterparties (and their counsel, if known). |
| **December 5, 2023 at 4:00 p.m. (prevailing Eastern Time) (or as soon as reasonably practicable)** | Deadline for the Debtors to file with the Bankruptcy Court the Successful Bidder Notice (as defined below), including the proposed Sale Order(s) (as defined below), the final asset purchase agreement, and any relevant schedules thereto. |
| **December 6, 2023 at 4:00 p.m. (prevailing Eastern Time)** | Post-Auction Objection Deadline |
| **December 7, 2023 at 12:00 p.m. (prevailing Eastern Time)** | Sale Transaction Reply Deadline |
| **December 8, 2023 at 10:30 a.m. (prevailing Eastern Time)** | Sale Hearing (as defined below) |

The Debtors may, with the consent of the Consultation Parties (as defined below), adjourn any of the key dates or deadlines herein without further order of the Bankruptcy Court;

*provided* that the Debtors shall promptly file a notice with the Bankruptcy Court of any changes to the key dates or deadlines herein. Any such adjournment shall not itself modify any of the Milestones under (and as defined in) the Cash Collateral Order.

## Consultation Parties

Throughout the sale process, the Debtors and their advisors will regularly and timely consult with the following parties (collectively, the "Consultation Parties"): (i) the advisors to the steering committee of the Prepetition Agents and certain Prepetition Lenders (each as defined below) (the "SteerCo") (including White & Case LLP; Sidley Austin LLP; Moore & Van Allen, PLLC; Morgan Lewis & Bockius LLP; and FTI Consulting), (ii) the advisors to the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "Committee") (including Lowenstein Sandler LLP, Gellert Scali Busenkell & Brown, LLC, and Alvarez & Marsal North America, LLC), and (iii) any other statutory committee appointed under 11 U.S.C. § 1102 in the Chapter 11 Cases; *provided*, *however*, that (a) if a Prepetition Lender or Prepetition Agent (each as defined below) notify the Debtors they intend to submit a credit bid, from the date of such notice, and/or (b) during any period in which a Consultation Party has submitted a Qualified Bid and has become a Qualified Bidder, such Consultation Party shall no longer be considered a Consultation Party under these Bidding Procedures solely for so long as such Consultation Party's Bid remains a Qualified Bid and is not disqualified or withdrawn. For the avoidance of doubt, unless approved by the Bankruptcy Court, no amendment or other modification to these Bidding Procedures shall be made by the Debtors without the consent of the Consultation Parties.

## Qualifications to Submit Bids and Participate in Auction

### A.    Diligence Materials

To participate in the bidding process for a Sale Transaction and to receive access to due diligence materials (the "Diligence Materials"), a party must submit to the Debtors (i) an executed confidentiality agreement, which must be based on the form confidentiality agreement supplied by the Debtors in a designated data room and in form and substance satisfactory to the Debtors (in consultation with the Consultation Parties) and (ii) reasonable evidence demonstrating the party's financial capability to consummate a Sale Transaction with respect to those Assets in which the party is preliminarily interested as determined by the Debtors in their reasonable business judgment (in consultation with the Consultation Parties). The Debtors shall consult with the Consultation Parties with respect to any determination that a party has not provided the information required in clause (ii) in the immediately preceding sentence. ***No party will be permitted to conduct any due diligence without entering into a confidentiality agreement described in clause (i).***

A party who qualifies for access to Diligence Materials shall be a "Preliminary Interested Investor." The Debtors will afford any Preliminary Interested Investor the time and opportunity to conduct due diligence within the deadlines set forth in these Bidding Procedures. Until the Bid Deadline (as defined below), in addition to granting access to the Diligence Materials, the Debtors will provide Preliminary Interested Investors with due diligence access and additional information, as may be requested by a Preliminary Interested Investor, to the extent that the

Debtors determine (in consultation with the Consultation Parties) that such requests are reasonable and appropriate under the circumstances. All due diligence requests shall be directed to Houlihan Lokey Capital, Inc. ("Houlihan") (Attn: Ryan Sandahl (RSandahl@HL.com), Steve Balash (SBalash@HL.com), and Dane Lewis (DGLewis@HL.com)). The Debtors, with the assistance of Houlihan, will coordinate all reasonable requests for additional information and due diligence access from Preliminary Interested Investors.

The Debtors reserve the right (in consultation with the Consultation Parties) to withhold or modify any Diligence Materials that the Debtors determine in good faith are business-sensitive or otherwise not appropriate for disclosure to a Preliminary Interested Investor who is a competitor, vendor, or customer of the Debtors or is directly or indirectly affiliated with any competitor, vendor, or customer of the Debtors. Neither the Debtors nor their representatives shall be obligated to furnish information of any kind whatsoever to any party that is not determined to be a Preliminary Interested Investor.

## B.   Due Diligence from Bidders

Each Preliminary Interested Investor and Bidder (as defined below) shall comply with all reasonable requests with respect to information and due diligence access by the Debtors or their advisors regarding such Preliminary Interested Investor or Bidder, as applicable, and its contemplated Sale Transaction. Failure by a potential bidder (including any Qualified Bidder (as defined below)) to comply with such reasonable requests for additional information and due diligence access may be a basis for the Debtors to determine (in consultation with the Consultation Parties) that such Bidder is no longer a Qualified Bidder or that a bid made by such Bidder is not a Qualified Bid (as defined below).

## C.   Bid Deadline and Auction Qualification Process

To be eligible to participate in the Auction, a party must be a Preliminary Interested Investor and must submit a written offer for a Sale Transaction of some or all of the Debtors' Assets (each, a "Bid" and the Preliminary Interested Investor that submits a Bid, a "Bidder") that must (i) be determined by the Debtors to satisfy each of the conditions set forth in this section and (ii) be *actually received* by (a) counsel to the Debtors, (i) Kirkland & Ellis LLP, 300 N. LaSalle St., Chicago, IL 60654 Attn: Ryan Blaine Bennett P.C. (ryan.bennett@kirkland.com), Whitney C. Fogelberg (whitney.fogelberg@kirkland.com), Rob Jacobson (rob.jacobson@kirkland.com), and Dave Gremling (dave.gremling@kirkland.com), and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Delaware, Wilmington, Delaware 19801, Attn: Joseph M. Barry (jbarry@ycst.com), Kenneth J. Enos (kenos@ycst.com), and Andrew A. Mark (amark@ycst.com), and (b) the Debtors' investment banker, Houlihan, 111 S Wacker Dr., Floor 37, Chicago, IL 60606, Attn: Ryan Sandahl (RSandahl@HL.com) **on or before November 28, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"). The Debtors shall provide counsel to the Consultation Parties copies of any Bid received within one (1) Business Day (as defined in the Bankruptcy Code) of receipt; *provided, however*, that during any period in which a Consultation Party has submitted a Qualified Bid and has become a Qualified Bidder, such Consultation Party shall no longer be considered a Consultation Party under these Bidding Procedures solely for so long as such Consultation Party's Bid remains a Qualified Bid and is not disqualified or withdrawn.

A Bid will not be considered qualified for the Auction if such Bid does not satisfy each of the following conditions:

1. <u>Executed Agreement</u>:  Each Bid must include (a) an offer letter, signed by an authorized representative of the Bidder, pursuant to which the Bidder offers to consummate the Sale Transaction contemplated by such Bid on the terms set forth in the Modified APA (as defined below) together with (b) an asset purchase agreement, which may be based on the form asset purchase agreement supplied by the Debtors in a designated data room (the "<u>Form APA</u>") or, if applicable, the Stalking Horse APA (as defined below), signed by an authorized representative of the Bidder, pursuant to which the Bidder agrees to consummate such Sale Transaction for the Assets referenced therein (together with all ancillary documents and schedules contemplated thereby, a "<u>Modified APA</u>").  For the avoidance of doubt, a Bidder shall not be required to base a Modified APA on the Form APA or, if applicable, the Stalking Horse APA so long as such Bidder's Bid contains all material terms of such Bid.  Each Modified APA must provide a commitment to close the Sale Transaction contemplated by such Modified APA within a time frame acceptable to the Debtors (determined in consultation with the Consultation Parties) after all closing conditions set forth in such Modified APA are met (other than those which are to be satisfied at the closing of the transactions contemplated by such Modified APA).

2. <u>Good Faith Deposit</u>:  Each Bid must be accompanied by a cash deposit in the amount of ten percent (10%) of the cash purchase price contemplated in such Bid, before any adjustments to the purchase price, to an escrow account to be identified and established by the Debtors (the "<u>Good Faith Deposit</u>").  To the extent a Qualified Bid is modified before, during, or after the Auction in any manner that increases the cash purchase price contemplated by such Qualified Bid, the Debtors reserve the right (in consultation with the Consultation Parties) to require that such Qualified Bidder increase its Good Faith Deposit so that it equals ten percent (10%) of the increased purchase price.  In the event that any Bid includes non-cash consideration, the Debtors reserve the right (in consultation with the Consultation Parties) to require a Good Faith Deposit of cash in the amount of ten percent (10%) of the value of the total consideration contemplated by such Bid, as determined in the Debtors' discretion.

3. <u>Good Faith Offer</u>:  Each Bid must represent an irrevocable, binding, good faith, and *bona fide* offer to purchase some or all of the Assets identified in such Bid if such Bid is selected as the Successful Bid or the Back-Up Bid (each as defined herein).

4. <u>Minimum Bid</u>:  Each Bid for all or substantially all of the Debtors' Assets must consist of consideration to be paid at the closing of the transactions contemplated by the Modified APA in an amount equal to at least $275,000,000; *provided*, however, that any Bid for less than substantially all of the Debtors' Assets will not be subject to any minimum Bid amount threshold.  Each Bid must set forth the total purchase price for such Bid.

5. <u>Joint Bids</u>:  The Debtors will be authorized to approve (in consultation with the Consultation Parties) joint Bids in their reasonable discretion on a case-by-case basis.

6. <u>Purchased Assets and Assumed Liabilities</u>:  Each Bid must clearly provide which of the Assets the Bidder seeks to acquire, and which of the Assumed Liabilities (as defined in

the Modified APA) the Bidder agrees to assume.  With respect to any bids for less than all or substantially all of the Debtors' Assets, the Debtors reserve the right to request an allocation of the purchase price among the Assets the Bidder seeks to acquire and the Assumed Liabilities the Bidder agrees to assume.

7.  <u>Designation of Assigned Contracts and Leases</u>:  Subject to the terms of the Modified APA, each Bid must identify any and all executory contracts and unexpired leases of the Debtors that the Bidder wishes to be assumed and assigned to the Bidder at the closing of the Sale Transaction contemplated by such Bid.

8.  <u>Corporate Authority</u>:  Each Bid must include written evidence reasonably acceptable to the Debtors demonstrating appropriate corporate or similar governance authorization of the Bidder to consummate the proposed Sale Transaction; *provided* that, if the Bidder is an entity specially formed for the purpose of effectuating the Sale Transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtors of the approval of the Sale Transaction by the equity holder(s) of such Bidder and any other governing body of the Bidder that is required to approve the Sale Transaction.

9.  <u>Disclosure of Identity of Bidder</u>:  Each Bid must fully disclose the identity of each entity (including any equity owners, sponsors, or co-investors) that will be bidding for or purchasing the Assets or otherwise directly or indirectly participating in connection with such Bid.

10. <u>Proof of Financial Ability to Perform</u>:  Each Bid must include written evidence that the Debtors conclude, in consultation with the Consultation Parties, demonstrates that the Bidder has the necessary financial ability to (i) timely close the Sale Transaction contemplated by such Bid within a time frame acceptable to the Debtors (determined in consultation with the Consultation Parties) after all closing conditions set forth in the Modified APA are met and (ii) provide adequate assurance of future performance under all contracts to be assumed and assigned in such Sale Transaction.  Such information must include, *inter alia*, the following:

    a.  Contact names and numbers for verification of financing sources, if any;

    b.  Written evidence of the Bidder's internal financial resources and ability to finance its Bid with cash on hand, available lines of credit, uncalled capital commitments or otherwise available funds (including through the posting of an irrevocable letter of credit or customary debt or equity financing commitment letters that comply with the requirements of this sub-paragraph **Error! Reference source not found.** or sub-paragraph 10.c below, as applicable, in each case, from reputable financial institutions (as determined in the Debtors' reasonable discretion in consultation with the Consultation Parties)) in an aggregate amount sufficient to pay the cash purchase price contemplated by such Bid, to pay for cure costs for contracts to be assumed and assigned in the Sale Transaction, and to satisfy all other obligations of the Bidder pursuant to the Modified APA ("<u>Bidder's Obligations</u>"); *provided* that, if the Bidder is an entity that is specially formed for the purpose of effectuating the Sale Transaction or if

the Bidder intends to raise any equity financing to fund any portion of Bidder's Obligations, then the Bidder must furnish to the Debtors a fully executed and effective equity commitment letter or guarantee ("<u>Bidder Support</u>") (which Bidder Support shall remain outstanding until at least sixty (60) days after the date of entry of the Sale Order (or the "outside date" in the Modified APA, if later), subject to a potential further extension as set forth herein or therein) from its equity holders or other affiliated entities with respect to the portion of Bidder's Obligations that are not to be paid with cash on hand (which Bidder Support may not be subject to any conditions other than the satisfaction of the conditions set forth in the Modified APA and shall include third party beneficiary language in favor of the Debtors entitling the Debtors to enforce such Bidder Support directly against the counterparties) and provide written evidence that its equity holders or other affiliated entities providing the Bidder Support have the resources and ability to finance such portion of the Bidder's Obligations;

c.  Without limiting the requirements of sub-paragraph 10.b above, if the Bidder intends to raise any debt financing to fund any portion of the Bidder's Obligations, the Bid must include fully executed and effective debt financing commitment letter(s), which letter(s) shall (i) not be subject to any internal approvals, credit committee approvals or diligence conditions, (ii) be in customary form, and (iii) remain outstanding until sixty (60) days after the date of entry of the Sale Order (subject to a potential further extension as set forth herein); and

d.  Any such other form of financial disclosure or credit-quality support information or enhancement reasonably requested by the Debtors (in consultation with the Consultation Parties) demonstrating that such Bidder (or, if the Bidder is an entity formed for the purpose of making a Bid, its Bidder Support) has the ability to close the Sale Transaction on the terms set forth in the Modified APA.

11. <u>Adherence to Bidding Procedures</u>:  By submitting its Bid, each Bidder is agreeing to abide by and honor the terms of these Bidding Procedures and agrees not to submit a Bid or seek to reopen the Auction after conclusion of the Auction.

12. <u>Regulatory and Third-Party Approvals</u>:  Each Bid must set forth each government, licensing, regulatory, and other third-party approval or filing required to be obtained or made by the Bidder or its Bidder Support, and each waiting period required to have expired or terminated, for the Bidder to consummate the Sale Transaction, and the time period within which the Bidder expects to receive such approvals, to make such filings or such waiting periods to expire or terminate (and in the case that receipt of any such approval, the making of any such filing, or the expiration or termination of any such waiting period is expected to take more than thirty (30) days following execution and delivery of the Modified APA, those actions the Bidder will take to ensure receipt of such

approval(s), the making of such filing(s) or the expiration or termination of such waiting period(s) as promptly as possible).

13. <u>Contact Information and Affiliates</u>:  Each Bid must provide the contact information for the Bidder and full disclosure of any affiliates of the Bidder.

14. <u>Contingencies and Other Provisions</u>:  Each Bid shall not contain any escrow arrangements, indemnities, or adjustments to the purchase price.  Without limiting the immediately preceding sentence, each Bid shall not include any conditions or contingencies relating to financing (including, for the avoidance of doubt, any conditionality, or limitations on specific performance, relating to any financing contemplated by sub-paragraph 10.c above), internal approvals, or the absence of any material adverse effect.

15. <u>Contingencies Regarding Due Diligence</u>:  Each Bid shall not include any conditions or contingencies relating to due diligence.

16. <u>Acknowledgement of Independent Review</u>:  Each Bid must include a written acknowledgement and representation that the Bidder: (i) has had an opportunity to conduct any and all due diligence prior to making its Bid; (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Assets in making its Bid; and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties, express, implied, statutory or otherwise, regarding the Assets, the financial performance of the Assets or the physical condition of the Assets, or the accuracy or completeness of any information provided in connection therewith or the Auction, except as expressly stated in these Bidding Procedures or the Modified APA.

17. <u>Irrevocable</u>:  Each Bid must be irrevocable unless and until the Debtors accept a higher Bid and such Bidder is not selected as the Back-Up Bidder (as defined below); *provided* that if a Bid is accepted as the Successful Bid or the Back-Up Bid, such Bid shall continue to remain irrevocable, subject to the terms and conditions of these Bidding Procedures.

18. <u>Compliance with Diligence Requests</u>:  The Bidder submitting the Bid must have complied with reasonable requests for additional information and due diligence access from the Debtors to the satisfaction of the Debtors.

19. <u>Back-Up Bid</u>:  Each Bid shall provide that the Bidder will serve as back-up bidder if the Bidder's Bid is selected as the next highest and best bid after the Successful Bid and will remain irrevocable in accordance with the terms and conditions of these Bidding Procedures.

20. <u>Consent to Jurisdiction</u>:  Each Bidder and its Bidder Support (if applicable) must (i) consent to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors, these Chapter 11 Cases, the Bidding Procedures, the Auction, any Sale Transaction, any Modified APA, or the construction and enforcement of documents relating to any Sale Transaction, (ii) waive any right to a jury trial in connection with any disputes relating to the Debtors, these

Chapter 11 Cases, the Bidding Procedures, the Auction, any Sale Transaction, any Modified APA, or the construction and enforcement of documents relating to any Sale Transaction, and (iii) consent to the entry of a final order or judgment in any way related to the Debtors, these Chapter 11 Cases, the Bidding Procedures, the Auction, any Modified APA, any Sale Transaction, or the construction and enforcement of documents relating to any Sale Transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

21. <u>Disclaimer of Break-Up Fees and Expense Reimbursement</u>:    Except as otherwise provided below with respect to any potential Stalking Horse Bidder (as defined below), each Bid must not, and must acknowledge that such Bid shall not, entitle the Bidder to any break-up fee, termination fee or similar type of payment, compensation or expense reimbursement (including legal fees) and, by submitting the Bid, the Bidder waives the right to pursue any administrative expense claim (including under a theory of substantial contribution) under 11 U.S.C. § 503 related in any way to the submission of its Bid or participation in any Auction.

22. <u>Acknowledgement of Remedies</u>:    Each Bid shall include a written acknowledgement from the Bidder that, in the event of the Bidders' breach of, or failure to perform under, the Modified APA, the Debtors and their estates shall be entitled to retain the Good Faith Deposit as part of the damages resulting to the Debtors and their estates for such breach or failure to perform, and pursue all other available legal and equitable remedies.

23. <u>Acknowledgement of No Collusion</u>:    Each Bid shall include a written acknowledgement from the Bidder that it has not (i) engaged in any collusion with respect to the bidding or sale of any of the Assets described herein or (ii) taken any other action to prevent a transparent and competitive auction process.

A Bid received from a Bidder before the Bid Deadline that meets the above requirements shall constitute a "<u>Qualified Bid</u>," as determined by the Debtors, in their reasonable business judgment, and such Bidder shall constitute a "<u>Qualified Bidder</u>;" *provided* that, if the Debtors receive a Bid that is not a Qualified Bid, the Debtors (in consultation with the Consultation Parties) may provide (but shall not be obligated to provide) the Bidder with the opportunity to remedy any deficiencies prior to the Auction; *provided*, *further*, that if any Qualified Bidder fails to comply with reasonable requests for additional information and due diligence access from the Debtors to the satisfaction of the Debtors, then the Debtors may disqualify any such Qualified Bidder and Qualified Bid, in the Debtors' sole discretion, and such Bidder shall not be entitled to attend or participate in the Auction.  The Debtors may (in consultation with the Consultation Parties) accept a single Qualified Bid or multiple Bids for non-overlapping material portions of the Assets such that, if taken together in the aggregate, would otherwise meet the standards for a single Qualified Bid (in which event those multiple bidders will be treated as a single Qualified Bidder for purposes of selecting the Successful Bid; *provided* that the Debtors also reserve the right, in consultation with the Consultation Parties, to conduct more than one sale process or Auction with respect to non-overlapping material portions of the Assets).  The Debtors shall consult with the Consultation Parties regarding whether (i) a Bid is or is not a Qualified Bid or (ii) any Qualified Bid or Qualified Bidder should be disqualified.  The Debtors, in consultation

11

with the Consultation Parties, shall have the right to deem a Bid a Qualified Bid even if such Bid does not conform to one or more of the requirements above; *provided* that any Bid for all or substantially all of the Debtors' Assets that does not include cash consideration of at least $275,000,000 may only be deemed a Qualified Bid with the prior written consent of the applicable Prepetition Lenders under (and as defined in) each of the Prepetition Bridge Credit Agreement,[6] the Prepetition PropCo Credit Agreement[7] and the Prepetition OpCo Credit Agreement[8] secured by the Assets contemplated to be purchased.  Any Bidder that does not submit a Bid before the Bid Deadline will not be permitted to submit a Bid after the Bid Deadline or to participate in the Auction.

## Credit Bidding

The Prepetition Bridge Agent, the Prepetition OpCo Agent and the Prepetition PropCo Agent (together, the "Prepetition Agents") have liens on all Assets being sold in the Auction, and reserve the right (at the direction of the applicable Prepetition Lenders under, and as defined in, each Prepetition Credit Agreement) to credit bid for any or all of the Assets securing their respective facilities.  The Prepetition Lenders and Prepetition Agents shall be permitted, pursuant to section 363(k) of the Bankruptcy Code, to credit bid all or any portion of the Obligations, under (and as defined in) each of the Prepetition Credit Agreements, as applicable, to acquire the Assets (each dollar of such obligations that is credit bid shall be treated the same as a dollar of cash); *provided* that a Prepetition Lender or Prepetition Agent shall not be permitted to credit bid at or after the Auction, unless the applicable Prepetition Lender or Prepetition Agent notifies the Debtors (email between counsel being sufficient) that they intend to credit bid **at least one (1) calendar day before the commencement of the Auction**.  Any such credit bid will be deemed a

---

[6]  Wawona Packing Co. LLC ("OpCo"), Wawona Farm Co. LLC ("PropCo"), and MVK Intermediate Holdings LLC ("GroupCo"), as borrowers, Coöperatieve Rabobank U.A., New York Branch ("Rabobank"), as administrative agent and as collateral agent with respect to certain PropCo collateral (in such capacities, the "Prepetition Bridge Agent"), Royal Bank of Canada ("RBC"), as collateral agent with respect to certain OpCo collateral, the lenders party thereto, Rabobank and RBC, as joint lead arrangers and joint bookrunners, and the lenders party thereto (the "Prepetition Bridge Lenders") are parties to that certain Senior Secured Credit Agreement, dated April 3, 2023 (as amended, restated, supplemented or modified, the "Prepetition Bridge Credit Agreement").

[7]  PropCo, as borrower, Wilmington Trust, National Association, as successor to Rabobank, as administrative agent and collateral agent (in such capacities, the "Prepetition PropCo Agent") and the lenders party thereto (the "Prepetition PropCo Lenders") are parties to that certain Amended and Restated Credit Agreement, dated as of September 13, 2019 (as further amended, restated, supplemented or modified, including pursuant to that certain First Amendment to Amended and Restated Credit Agreement, dated April 3, 2023, the "Prepetition PropCo Credit Agreement").

[8]  OpCo and GroupCo, as borrowers, RBC, as administrative agent and collateral agent (in such capacities, the "Prepetition OpCo Agent" and, collectively with the Prepetition Bridge Agent and the Prepetition PropCo Agent, the "Prepetition Agents") and the lenders party thereto (the "Prepetition OpCo Lenders" and, collectively with the Prepetition Bridge Lenders and the Prepetition PropCo Lenders, the "Prepetition Lenders") are parties to that certain Incremental Revolving Credit Agreement, dated as of September 13, 2019 (as amended, restated, supplemented or modified, including pursuant to that certain First Amendment to Credit Agreement dated April 3, 2023, the "Prepetition OpCo Credit Agreement" and, collectively with the Prepetition Bridge Credit Agreement and the Prepetition PropCo Credit Agreement, the "Prepetition Credit Agreements").

Qualified Bid regardless of whether it meets the specified requirements herein, and the applicable Prepetition Lender or Prepetition Agent shall not be required to provide any additional diligence information to participate in a credit bid. Notwithstanding anything to the contrary herein, nothing in these Bidding Procedures shall be considered as a waiver of the right of the Committee or any other party in interest to object to, or seek to limit, the Credit Bid during the Challenge Period under section 363(k) of the Bankruptcy Code; *provided*, however, that this reservation of rights is not intended to, and does not, expand or limit the Challenge Period or the Challenge rights provided for under the Cash Collateral Order.

## **Potential Stalking Horse**

The Debtors may, pursuant to these Bidding Procedures, with the prior written consent of the Prepetition Agents (at the direction of the applicable Prepetition Lenders under (and as defined in) each of the Prepetition Credit Agreements), (i) designate one or more Qualified Bidders that submit a Qualified Bid for all or any portion of the Assets a stalking horse bidder (the "Stalking Horse Bidder"), whose Qualified Bid shall serve as the stalking horse bid (the "Stalking Horse Bid"), and (ii) execute, subject to higher or otherwise better offers consistent with these Bidding Procedures, one or more purchase agreements memorializing the proposed transaction set forth in the Stalking Horse Bid (a "Stalking Horse APA"), which may include a break-up fee of or no more than 3.0% of the total cash consideration payable under such Stalking Horse APA, inclusive of any expense reimbursement (the "Bid Protections") **on or before November 21, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "Stalking Horse Bidder Designation"). To the extent the Debtors designate more than one Stalking Horse Bidder pursuant to the Bidding Procedures, no two Stalking Horse Bidders will be designated with respect to any of the same Assets. The Debtors shall not pay Bid Protections to any Stalking Horse Bidder on account of the portion of the purchase price of such Bid that is a credit bid, assumption of liabilities, or other non-cash (or cash-equivalent) consideration, nor provide any Bid Protections to an insider or affiliate of the Debtors.

To the extent the Debtors, consistent with these Bidding Procedures, determine to offer Bid Protections to any Stalking Horse Bidder, the Debtors shall disclose such Bid Protections in a corresponding notice designation such Stalking Horse Bidder (the "Stalking Horse Notice"). A Stalking Horse Notice, if filed, shall also include (a) the identity of the Stalking Horse Bidder; (b) the amount of the Stalking Horse Bid; (c) a copy of the Stalking Horse APA; (d) the proposed Bid Protections to be provided to the Stalking Horse Bidder; (e) a declaration in support of the proposed Bid Protections, which includes whether the Stalking Horse Bidder has any connection with the Debtors other than that arises from the Stalking Horse Bid; and (f) a proposed form of an order approving the Bid Protections (the "Stalking Horse Order"). Any objection to (i) the Bid Protections set forth in the Stalking Horse Notice, or (ii) the form of Stalking Horse Order (a "Stalking Horse Objection"), shall be filed **no later than three (3) days after the filing of the Stalking Horse Notice at 4:00 p.m. (prevailing Eastern Time)**. If a timely Stalking Horse Objection is filed, the Debtors are authorized to seek an expedited hearing with respect to the Stalking Horse Objection on **not less than three (3) calendar days' notice**. Absent any timeline Stalking Horse Objection, the Court may enter the Stalking Horse Order without further hearing.

If a Stalking Horse Order is entered, any Modified APA may be based on the Stalking Horse APA.

## Auction

If one or more Qualified Bids are received by the Bid Deadline, the Debtors will conduct the Auction to determine the highest and best Qualified Bid.  The determination of the highest and best Qualified Bid shall take into account any factors the Debtors in their reasonable business judgment, in consultation with the Consultation Parties, deem relevant to the value and certainty of the Qualified Bid to the Debtors' estates and may include, but are not limited to, the following: (i) the amount and nature of the consideration; (ii) the number, type, and nature of any changes to the Form APA requested by each Bidder, including the Assets acquired; (iii) the extent to which such modifications are likely to delay closing of the Sale Transaction contemplated by such Qualified Bid and the cost to the Debtors of such modifications or delay; (iv) the total consideration to be received by the Debtors; (v) any contingencies or conditions to closing the Sale Transaction contemplated by such Qualified Bid; (vi) the likelihood of the Bidder's ability to close the Sale Transaction contemplated by such Qualified Bid and the timing thereof; (vii) the tax consequences of such Qualified Bid; and (viii) any other qualitative or quantitative factor that the Debtors deem reasonably appropriate under the circumstances, in consultation with the Consultation Parties (collectively, the "Bid Assessment Criteria").

If one Qualified Bid or no Qualified Bid (or Bid that may be remedied into a Qualified Bid pursuant to these Bidding Procedures and is actually remedied into a Qualified Bid prior to the Auction) is received by the Bid Deadline, the Debtors shall cancel the Auction.

### A.    Location and Date of Auction

The Auction, if any, shall take place **on or before December 4, 2023 at 10:00 a.m. (prevailing Eastern Time)** in person at the office of Kirkland & Ellis LLP, 300 N LaSalle Dr., Chicago, IL 60654 and/or via remote video at the Debtors' election.  If held, the Auction proceedings will be transcribed.

### B.    Attendees and Participants

Except as otherwise determined by the Debtors, only the following parties, and their respective representatives and counsel, may attend the Auction: (i) the Debtors, (ii) the United States Trustee, (iii) any Qualified Bidder, (iv) each Consultation Party, (v) any creditors that request access to the Auction within 48 hours prior to the date of the Auction, and (vi) any other parties that the Debtors deem appropriate.  The Debtors shall provide the Consultation Parties and all Qualified Bidders with notice of all participants attending the Auction at least one (1) day prior to the Auction.  Only Qualified Bidders and the Prepetition Lenders and/or Prepetition Agents, to the extent they have submitted a credit bid or notified the Debtors of their intent to do so at least one (1) day in advance of the commencement of the Auction, will be entitled to make any Bids at the Auction.

Bidders and their representatives may not communicate or coordinate with one another for purposes of submitting a Bid or Bids or participating in the Auction without the prior consent

of the Debtors. All parties are prohibited from (i) engaging in any collusion with respect to the bidding or sale of any of the Assets described herein or (ii) taking any other action to prevent a transparent and competitive auction process.

Each Qualified Bidder participating in the Auction must confirm on the record at the commencement of the Auction that (i) it has not engaged in any of the prohibited actions set forth in the immediately preceding paragraph, (ii) its Qualified Bid is a good faith bona fide offer and it intends to consummate the Sale Transaction contemplated by such Qualified Bid if selected as the Successful Bidder or Back-Up Bidder, (iii) it has reviewed, understands and accepts the Bidding Procedures, and (iv) it has consented to the core jurisdiction of the Bankruptcy Court with respect to the Sale Transaction, including the Bidding Procedures, the Auction, any Sale Transaction, any Modified APA, or the construction and enforcement of documents relating to any Sale Transaction (as described more fully below).

All parties attending the Auction must comply with their applicable confidentiality agreements; *provided* that the advisors to the SteerCo may speak with members of the SteerCo that are not in attendance at the Auction so long as such individuals are advised of this restriction.

## C.      Conducting the Auction

The Debtors and their professionals shall direct and preside over the Auction and the Auction shall be transcribed and shall be conducted openly. Other than as expressly set forth herein, the Debtors (in consultation with the Consultation Parties) may conduct the Auction in the manner they determine will result in the highest and best offer for the Assets so long as such conduct is not inconsistent in any material respect with the other terms and provisions of these Bidding Procedures.

## D.      Auction Baseline Bid

The Debtors will notify any other Qualified Bidder participating in the Auction, and the Consultation Parties of the highest and best Qualified Bid received before the Bid Deadline for purposes of constituting the opening Bid at the Auction (the "<u>Auction Baseline Bid</u>"), and shall provide copies of the Modified APA and Modified Sale Order (each a "<u>Modified Sale Order</u>") associated with the Auction Baseline Bid as soon as practicable (together with the redline copies of such documents, as described in paragraph C.1 above) prior to the commencement of the Auction.

## E.      Terms of Overbids

An "<u>Overbid</u>" is any bid made at the Auction subsequent to the Debtors' announcement of the Auction Baseline Bid. To submit an Overbid for purposes of this Auction, a Bidder must comply with the following conditions:

1.      <u>Minimum Overbid Increments</u>: Any Overbid for all or substantially all of the Debtors' Assets after and above the Auction Baseline Bid (and, if a Stalking Horse Bid has been designated, any Bid Protections granted to such Stalking Horse Bidder) shall be made in increments valued at not less than $1,000,000. The Debtors shall determine (in

consultation with the Consultation Parties) the minimum bid increments for any particular Asset or subset of Assets, if applicable. Any credit bid of a Prepetition Lender or Prepetition Agent shall be treated as the same as cash (such that each dollar of such obligations that is credit bid shall be treated the same as a dollar of cash).

2.      <u>Remaining Terms Are the Same as for Qualified Bids</u>: Except as modified herein, an Overbid at the Auction must comply with the conditions for a Qualified Bid set forth above; *provided*, *however*, that the Prepetition Lenders and Prepetition Agents shall not be required to comply with such conditions. Any Overbid must include, in addition to the amount and the form of consideration of the Overbid, a description of all changes requested by the Bidder to the Modified APA or Modified Sale Order in connection therewith. Any Overbid must remain open and binding on the Bidder until (a) the Debtors announce that they have received a higher and better Overbid and (b) such Overbid is not selected as the Back-Up Bid. To the extent not previously provided, a Bidder submitting an Overbid at the Auction must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors) reasonably demonstrating such Bidder's ability to satisfy the Bidder's Obligations as set forth in the Qualified Bid requirements set forth in paragraph C.**Error! Reference source not found.**. Further, Bidders submitting Overbids may be required to promptly top up their Good Faith Deposits to equal ten percent (10%) of the cash purchase price contained in such Overbids.

## F.      **Announcement and Consideration of Overbids**

1.      <u>Announcement of Overbids</u>: All Overbids shall be made and received on an open basis. The Debtors shall announce at the Auction the material terms of each Overbid, the total amount of consideration offered in each such Overbid, and the basis for calculating such total consideration. The Debtors shall, after submission of each Overbid, promptly inform each participant in the Auction which Overbid reflects the highest and best Bid, and the Debtors shall clarify any and all questions that any Qualified Bidder may have regarding such Overbid.

2.      <u>Consideration of Overbids</u>: Subject to the deadlines set forth herein, the Debtors reserve the right, in their own reasonable business judgment and in consultation with the Consultation Parties, to make one or more continuances of the Auction to, among other things: facilitate discussions between the Debtors and individual Qualified Bidders; allow individual Qualified Bidders to consider how they wish to proceed; or give Qualified Bidders the opportunity to provide the Debtors with additional evidence that the Qualified Bidder has sufficient internal resources, or has received sufficient non-contingent debt and/or equity funding commitments, to consummate the proposed Sale Transaction at the prevailing Overbid amount.

## G.      **No Round-Skipping**

To remain eligible to participate in the Auction, in each round of bidding, (i) each Qualified Bidder must submit an Overbid with respect to such round of bidding and (ii) to the

extent a Qualified Bidder fails to submit an Overbid with respect to such round of bidding, such Qualified Bidder shall be disqualified from continuing to participate in the Auction.

## H.    Closing the Auction

The Auction shall continue until there is only one (1) Qualified Bid for the Assets (or one or more Qualified Bids for discrete portions of the Assets) that the Debtors determine, in their reasonable business judgment and in consultation with the Consultation Parties, is (or are) the highest and best Qualified Bid (or Qualified Bids) at the Auction.  Thereafter, the Debtors shall select such Qualified Bid(s), in consultation with the Consultation Parties, that is the best Qualified Bid (each such Qualified Bid, a "Successful Bid," and the Qualified Bidder submitting any such Successful Bid, the "Successful Bidder"), taking into account any factors the Debtors reasonably deem (in consultation with the Consultation Parties) relevant to the value and certainty of the Qualified Bid(s) to the Debtors' estates and may include, but are not limited to, the Bid Assessment Criteria, as the winner of the Auction and, at the time of such selection, shall announce the identity of each Successful Bidder and the amount and material terms of each Successful Bid to all attendees at the Auction.  Notwithstanding anything to the contrary herein, no Qualified Bid (other than a credit bid by one or more Prepetition Lender or Prepetition Agent) may be the Successful Bid unless such Qualified Bid (which can be a combination of Bids as described above) provides for payment of consideration at the closing of the Sale Transaction contemplated by such Qualified Bid in an amount equal to or greater than the aggregate amount of Obligations as defined in the applicable Prepetition Credit Agreement that have been credit bid by, or on behalf of, the Prepetition Bridge Agent, Prepetition OpCo Agent, or the Prepetition PropCo Agent, or Prepetition Lenders, as applicable.

The Auction shall not conclude until the Successful Bidder(s) submit(s) fully executed sale and transaction documents memorializing the terms of the Successful Bid(s).

Promptly following the Debtors' selection of the Successful Bid(s) and the conclusion of the Auction, the Debtors shall file with the Bankruptcy Court notice of the Successful Bid(s) and Successful Bidder(s), along with the Modified APA and Modified Sale Order reflecting the Successful Bid(s).  The Debtors shall not consider any Bids or Overbids submitted after the Auction has closed, and any and all Bids or Overbids submitted after the conclusion of the Auction shall be deemed untimely and shall under no circumstances constitute a Bid or Overbid.

## I.    Back-Up Bidder

Notwithstanding anything in these Bidding Procedures to the contrary, if an Auction is conducted, the Qualified Bidder(s) with the next highest and otherwise best Bid to the Successful Bid(s) at the Auction for the applicable Assets, as determined by the Debtors, in the exercise of their reasonable business judgment and after consulting with the Consultation Parties, will be designated as a back-up bidder (each a "Back-Up Bidder").  The identity of the Back-Up Bidder(s) and the amount and material terms of the Back-Up Bid(s) shall be announced by the Debtors at the same time the Debtors announce the identity of the Successful Bidder(s).

The Back-Up Bidder(s) shall be required to keep its (or their) initial Qualified Bid(s) (or if a Back-Up Bidder submitted one or more Overbids at the Auction, such Back-Up Bidder's

final Overbid) (each a "<u>Back-Up Bid</u>") open and irrevocable until the earlier of (i) the closing of the Sale Transaction contemplated by the applicable Successful Bid and (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is sixty (60) days after the date of entry of the Sale Order, which date will be extended for an additional thirty (30) days if the only condition to closing the applicable Successful Bid on the sixtieth (60th) day after entry of the Sale Order is satisfaction of regulatory approvals required under the applicable Modified APA.

If a Successful Bid is terminated for any reason prior to consummation of the Sale Transaction contemplated thereby (a "<u>Successful Bid Failure</u>"), the Debtors will be authorized, without further order of the Bankruptcy Court, to consummate the Sale Transaction contemplated by the applicable Back-Up Bid with the applicable Back-Up Bidder; *provided* that the Debtors shall provide prompt notice of such Successful Bid Failure to the Consultation Parties and the Debtors shall post a notice on the docket of the Chapter 11 Cases regarding the Successful Bid Failure and the consummation of such Sale Transaction with the applicable Back-Up Bidder. In the case of a Successful Bid Failure, the Successful Bidder's deposit shall be forfeited to the Debtors or returned to the applicable Successful Bidder in accordance with the terms of the terminated Modified APA. The Debtors, on their behalf and on behalf of each of their respective estates, specifically reserve the right to seek all available damages, including specific performance, from any defaulting Successful Bidder (including any Back-Up Bidder following a Successful Bid Failure) in accordance with the terms of the Bidding Procedures, the Bidding Procedures Order, or the Modified APA, as applicable.

**J.      Notice of Bid Results**

Absent further order or direction of the Court, the Debtors shall file copies of the following: (a) a notice designating each Successful Bid and the Back-Up Bid, if any, and the terms of each such bid (the "<u>Successful Bidder Notice</u>") and (b) final form(s) of order(s) approving the Sale Transaction(s) as agreed upon between the Debtors (in consultation with the Consultation Parties) and the Successful Bidder(s) (the "<u>Sale Order(s)</u>"). Further, the Debtors shall serve, by overnight mail, the Successful Bidder Notice and Sale Order(s), along with any adequate assurance materials, upon affected Contract Counterparties within six (6) hours following the conclusion of the Auction, or as soon as reasonably practicable thereafter.

**K.      Sale Hearing and Approval of the Sale Transaction**

A hearing to consider the approval of the Sale Transaction (the "<u>Sale Hearing</u>"), is currently scheduled to take place on **December 8, 2023 at 10:30 a.m. (prevailing Eastern Time)**, before Honorable Laurie Selber Silverstein, at the United States Bankruptcy Court for the District of Delaware, 824 N Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801, or conducted consistent with the procedures established pursuant to the Bankruptcy Court.

At the Sale Hearing, certain findings will be sought from the Bankruptcy Court, including, among other things, that: (1) the Auction was conducted (if held) and each Successful Bidder was selected, in each case in accordance with the Bidding Procedures; (2) the Auction (if held) was fair in substance and procedure; (3) the Successful Bid(s) and Back-Up Bid(s) were Qualified Bids as defined in the Bidding Procedures; and (4) consummation of any Sale

Transaction as contemplated by the Successful Bid(s) in the Auction will provide the highest and best offer for the Assets and is in the best interests of the Debtors and their estates. **The Sale Hearing may be continued to a later date by the Debtors, in consultation with the Consultation Parties, by sending notice prior to, or making an announcement at, the Sale Hearing (subject in all cases to approval of the Bankruptcy Court).**

All general objections to the Sale Transaction and entry of any Sale Order must (i) be in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all orders of the Bankruptcy Court; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with the Bankruptcy Court and served **so as to be actually received by the Debtors and counsel to the Debtors on November 24, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

All Post-Auction Objections must (i) be in writing; (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all orders of the Bankruptcy Court; (iii) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (iv) be filed with the Bankruptcy Court and served **so as to be actually received by no later than December 6, 2023 at 4:00 p.m. (prevailing Eastern Time)** on the Notice Parties.

**L.     Additional Procedures**

The Debtors, after consulting with the Consultation Parties, may announce at the Auction additional procedural rules that are reasonable under the circumstances for conducting the Auction so long as such rules are not inconsistent in any material respect with the Bidding Procedures and do not impose additional requirements on the Prepetition Agents; *provided* that any Qualified Bidder shall have the right to request a telephonic hearing before the Bankruptcy Court in the event the Qualified Bidder disputes that the proposed additional rule is reasonable or not inconsistent in any material respect with the Bidding Procedures or does not impose additional requirements on the Prepetition Agents.

<u>**Consent to Jurisdiction and Authority as Condition to Bidding**</u>

All Qualified Bidders shall be deemed to have (1) consented to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors, these Chapter 11 Cases, the Bidding Procedures, any Modified APA, the Auction, any Sale Transaction, or the construction and enforcement of documents relating to any Sale Transaction, (2) **WAIVED ANY RIGHT TO A JURY TRIAL IN CONNECTION WITH ANY DISPUTES RELATING TO THE DEBTORS, THESE CHAPTER 11 CASES, THE BIDDING PROCEDURES, THE AUCTION, ANY MODIFIED APA, ANY SALE TRANSACTION, OR THE CONSTRUCTION AND ENFORCEMENT OF DOCUMENTS RELATING TO ANY SALE TRANSACTION**, and (3) consented to entry of a final order or judgment in any way related to the Debtors, these Chapter 11 Cases, the Bidding Procedures, the Auction, any Modified APA, any Sale Transaction, or the construction and enforcement of documents relating to any Sale Transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

### Sale Is As Is/Where Is

Except as may be set forth in the Modified APA, the Assets sold pursuant to the Bidding Procedures shall be conveyed at the closing of such sale in their then-present condition, "**AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED**."

### Return of Good Faith Deposits

The Good Faith Deposits of all Qualified Bidders shall be held in one or more escrow accounts by the Debtors, but shall not become property of the Debtors' estates absent further order of the Bankruptcy Court or as set forth below.  The Good Faith Deposit of any Qualified Bidder that is neither a Successful Bidder nor a Back-Up Bidder shall be returned to such Qualified Bidder not later than five (5) Business Days after consummation of the Sale Transaction or upon the permanent withdrawal of the proposed Sale Transaction.  The Good Faith Deposit of a Back-Up Bidder, if any, shall be returned to such Back-Up Bidder (or retained by the estates) upon the termination of such Back-Up Bidder's Bid in accordance with its terms. If a Successful Bidder timely closes the Sale Transaction contemplated in the Successful Bid, its Good Faith Deposit shall be credited towards the purchase price and become property of the estate.   If a Successful Bidder (or, if the Sale Transaction is to be consummated with the applicable Back-Up Bidder, then such Back-Up Bidder) fails to consummate the Sale Transaction because of a breach or failure to perform on the part of such Bidder, then the Debtors and their estates shall be entitled to retain the Good Faith Deposit of such Successful Bidder (or, if the Sale Transaction is to be consummated with a Back-Up Bidder, then such Back-Up Bidder) as part of the damages resulting to the Debtors and their estates for such breach or failure to perform.  For the avoidance of doubt, the Debtors' retention of a Good Faith Deposit shall not constitute a waiver of any of the Debtors' legal or equitable rights relating to a Successful Bidder's or a Back-Up Bidder's breach or failure to perform, and all such rights and remedies are preserved.

### Reservation of Rights of the Debtors and Modifications

Except as otherwise provided in the Bidding Procedures Order, the Debtors further reserve the right as the Debtors may reasonably determine in their discretion, after consultation with the Consultation Parties, to be in the best interest of the Debtors' estates to: (i) determine which Bidders are Qualified Bidders; (ii) determine which Bids are Qualified Bids; (iii) determine which Qualified Bid (or Qualified Bids) is the highest and best bid and which is the next highest and best bid; (iv) reject any Bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtors and their estates; (v) impose additional terms and conditions with respect to all potential bidders; (vii) make non-material modifications to the Bidding Procedures; and (viii) implement additional procedural rules with respect to the conduct of the Auction that the Debtors determine (together with the Bidding Procedures, the "Auction Rules"), in their reasonable business judgment, will better promote the goals of the bidding process and are not inconsistent with any Bankruptcy Court order, the Bankruptcy Code or any rights of the Prepetition Agents under these Bidding Procedures;

*provided* that nothing herein shall limit any party in interest's right to file an objection with the Bankruptcy Court with respect to any Auction Rules (other than the Bidding Procedures).

Notwithstanding anything to the contrary in these Bidding Procedures, nothing in these Bidding Procedures or the Bidding Procedures Order shall require the Debtors to take any action or to refrain from taking any action related to any Sale Transaction to the extent taking or failing to take such action would be inconsistent with applicable law or the Debtors' fiduciary obligations, if any, under applicable law; *provided*, *however*, that the Debtors shall promptly provide the Consultation Parties and any Qualified Bidders with notice of such action or inaction and, to the extent any such action or inaction would constitute a material change from the Bidding Procedures, the Debtors shall first seek approval from the Bankruptcy Court for such action or inaction.

## Exhibit 2

**Form of Sale Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MVK FARMCO LLC, *et al.*,[1] | ) Case No. 23-11721 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. _** |

## NOTICE OF
## BIDDING PROCEDURES,
## AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court") on October 13, 2023 (the "Petition Date").

**PLEASE TAKE FURTHER NOTICE** that, on the Petition Date, the Debtors filed a motion [Docket No. 32] (the "Bidding Procedures Motion")[2] with the Court seeking entry of an order, (a) approving the Bidding Procedures in connection with the sale of substantially all of the Assets, or subset of the Assets, as attached to the Bidding Procedures Order as Exhibit 1, (b) approving the form and manner of this notice, the Bid Deadline, the Auction, and the Sale Hearing, substantially in the form attached to the Bidding Procedures Order as Exhibit 2, (c) scheduling an Auction and Sale Hearing to consider approval of the proposed Sale Transaction(s), (d) approving procedures for the assumption and assignment of contracts and leases, (e) approving the sale of the Assets free and clear, and (f) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2023, the Court entered an order [Docket No. [●]] (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures, which establish the key dates and times related to the Sale Transaction and the Auction, if necessary, to determine the Successful Bidder. All interested parties should carefully read the Bidding Procedures Order and the Bidding Procedures in their entirety.[3]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201). The location of the Debtors' service address is: 7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures or Bidding Procedures Motion, as applicable.

[3]    To the extent of any inconsistencies between the Bidding Procedures and the summary descriptions of the Bidding Procedures in this notice, the terms of the Bidding Procedures shall control in all respects.

## **Contact Information for Parties Interested in Submitting a Bid**

The Bidding Procedures set forth the requirements for submitting a Qualified Bid, and any person interested in acting as a Bidder must comply strictly with the Bidding Procedures. The Debtors, in accordance with the Bidding Procedures, will consider only Qualified Bids.

**Any interested party should contact, as soon as practicable:**

**Houlihan Lokey Capital, Inc.**
111 S Wacker Dr., Floor 37
Chicago, IL 60606
Attn:

| Ryan Sandahl | Steve Balash | Dane Lewis |
|---|---|---|
| RSandahl@HL.com | SBalash@HL.com | DGLewis@HL.com |
| (tel.) +1 (312) 456-4796 | (tel.) +1 (312) 462-6455 | (tel.) +1 (312) 462-6459 |

## **Obtaining Additional Information**

Copies of the Bidding Procedures Motion, the Bidding Procedures, and the Bidding Procedures Order, as well as all related exhibits, including all other documents filed with the Court, are available free of charge on the Debtors' restructuring website, https://cases.stretto.com/primawawona.

## **Important Dates and Deadlines**[4]

1. **Stalking Horse Bidder Designation**.  The deadline for the Debtors to designate a Stalking Horse is **November 21, 2023**.

2. **Stalking Horse Objection Deadline**.  The deadline to file an objection with the Court to object to the bid protections set forth in the Stalking Horse Notice or the form of Stalking Horse Order, if the Debtors choose to designate a Stalking Horse Bidder, is **no later than three (3) days after the filing of the Stalking Horse Notice at 4:00 p.m. (prevailing Eastern Time)**.

3. **Sale Transaction Objection Deadline**.  The deadline to file an objection with the Court to object to the Sale Transaction (if any) (a "Sale Transaction Objections") is **November 24, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Sale Transaction Objection Deadline").

4. **Bid Deadline**.  The deadline to submit a Qualified Bid is **November 28, 2023 at 5:00 p.m. (prevailing Eastern Time)**.

---

[4]   The following dates and deadlines may be extended by the Debtors or the Court pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order.

5. **Credit Bid Notification Deadline**.  The deadline for the Prepetition Agents and/or Prepetition Lenders to notify the Debtors that they intend to file a credit bid for the Debtors' Assets is **one (1) calendar day before the commencement of the Auction**.

6. **Auction**.  If the Debtors receive multiple Qualified Bids prior to the Bid Deadline, and subject to the satisfaction of any further conditions set forth in the Bidding Procedures, the Debtors intend to conduct an Auction to determine the Successful Bidder.  Only (a) Qualified Bidders and each of their respective legal and financial advisors, (b) the Consultation Parties, (c) any creditors that request access to the Auction within 48 hours prior to the date of the Auction, and (d) any other parties that the Debtors deem appropriate shall be entitled to attend the Auction and the Qualified Bidders shall appear at the Auction in person and may speak or bid themselves or through duly authorized representatives.  Only Qualified Bidders are eligible to bid at the Auction.  The Auction, if one is held, will commence on **December 4, 2023 at 10:00 a.m. (prevailing Eastern Time)** in person at the office of Kirkland & Ellis LLP, 300 N LaSalle Dr., Chicago, IL 60654 and/or via remote video at the Debtors' election, or such later date and time as selected by the Debtors, who shall notify all Qualified Bidders.

7. **Assumption and Assignment Objection Deadline**.  The deadline to file an objection with the Court to object to the potential assumption and assignment of any executory contract or unexpired lease or the proposed cure amounts relating to such executory contracts and unexpired leases (an "Assumption and Assignment Objection") is **December [●], 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "Assumption and Assignment Objection Deadline").

8. **Time for Debtors to Provide Notice of Results of Auction**.  On **December 5, 2023 at 4:00 p.m. (prevailing Eastern Time)**, or as soon as reasonably practicable after the close of the Auction, the Debtors shall (a) file the Successful Bidder Notice with the Court (which notice shall identify the Successful Bidder, the amount of the Successful Bid, the Back-Up Bid, and the amount of the Back-Up Bid(s), and include the final form(s) of the Sale Order(s)), and (b) cause the Successful Bidder Notice to be published on the Debtors' restructuring website, https://cases.stretto.com/primawawona.  Further, the Debtors shall serve, by overnight mail, the Successful Bidder Notice and Sale Order(s), along with any adequate assurance materials, upon affected Contract Counterparties within six (6) hours following the conclusion of the Auction, or as soon as reasonably practicable thereafter.

9. **Post-Auction Objection Deadline**.  The deadline to object to the Sale Transaction, but solely as to (i) the conduct of the Auction, (ii) the particular terms of any proposed Sale Transaction in a Successful Bid, (iii) the identity of a Successful Bidder or Backup Bidder, or (iv) the adequate assurance of future performance of the Successful Bidder(s) is **December 6, 2023 at 4:00 p.m.** (the "Post-Auction Objection Deadline").

10. **Sale Transaction Reply Deadline**.  The deadline for the Debtors and any other parties supporting the Sale Transaction to file with the Court replies to Sale Transaction Objections or Post-Auction Objections, or to file other statements in support of the Sale Transaction is **December 7, 2023 at 12:00 p.m. (prevailing Eastern Time)**.

11. **Sale Hearing**.  A hearing to consider the proposed Sale Transaction will be held before the Court on **December 8, 2023 at 10:30 a.m. (prevailing Eastern Time)**, or such other date as determined by the Court, at 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.

## Filing Objections

Sale Transaction Objections, Assumption and Assignment Objections, and Post-Auction Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court and served on (i) the Debtors, 7700 N. Palm Ave., Suite 206, Fresno, CA 93711; (ii) counsel to the Debtors, (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan Blaine Bennett P.C. (ryan.bennett@kirkland.com), Whitney C. Fogelberg (whitney.fogelberg@kirkland.com), Rob Jacobson (rob.jacobson@kirkland.com), and Dave Gremling (dave.gremling@kirkland.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Delaware, Wilmington, Delaware 19801, Attn: Joseph M. Barry (jbarry@ycst.com), Kenneth J. Enos (kenos@ycst.com), and Andrew A. Mark (amark@ycst.com); (iii) counsel to the Committee, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 Attn: Jeffrey D. Prol (jprol@lowenstein.com), Bruce S. Nathan (bnathan@lowenstein.com), Andrew D. Behlmann (abehlmann@lowenstein.com), and Colleen M. Restel (crestel@lowenstein.com), and (b) Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801, Attn: Michael Busenkell (mbusenkell@gsbblaw.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 Attn:  Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any other party that has requested notice pursuant to Bankruptcy Rule 2002.

Sale Transaction Objections must be filed with the Court and served so as to be ***actually received*** by no later than **November 24, 2023 at 4:00 p.m.** (prevailing Eastern Time).

Post-Auction Objections must be filed with the Court and served so as to be ***actually received*** by no later than **December 6, 2023 at 4:00 p.m.** (prevailing Eastern Time).

Assumption and Assignment Objections must be filed with the Court and served so as to be ***actually received*** by no later than **fourteen (14) days after service of the applicable Assumption and Assignment Notice.**

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

**Except as otherwise ordered by the Court, any party or entity who fails to timely make an objection to the Sale Transaction on or before the applicable objection deadline in accordance with the Bidding Procedures Order and this notice shall be forever barred from asserting any objection to the Sale Transaction, including with respect to the transfer of the Assets free and clear of all liens, claims, encumbrances and other interests**.

Dated:  [●], 2023  
Wilmington, Delaware

/s/ DRAFT
Joseph Barry (Del. Bar No. 4221)
Kenneth J. Enos (Del. Bar No. 4544)
Andrew A. Mark (Del. Bar No. 6861)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:    jbarry@ycst.com
             kenos@ycst.com
             amark@ycst.com

-and-

Ryan Blaine Bennett, P.C. (*pro hac vice* pending)
Whitney C. Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    ryan.bennett@kirkland.com
             whitney.fogelberg@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit 3**

**Form of Assignment and Assumption Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MVK FARMCO LLC, *et al.*,[16] | ) | Case No. 23-11721 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. _** |

### NOTICE TO CONTRACT PARTIES TO POTENTIALLY
### ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU
OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO
AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH ONE OR
MORE OF THE DEBTORS AS SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO.**

---

**PLEASE TAKE NOTICE** that on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered the *Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Approving the Form and Manner of Notice Thereof, (III) Scheduling an Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Contracts, and (V) Granting Related Relief* [Docket No. [●]] (the "<u>Bidding Procedures Order</u>"),[17] authorizing the Debtors[18] to conduct an auction (the "<u>Auction</u>") to select the party to purchase the Assets.  The Auction will be governed by the bidding procedures approved pursuant to the Bidding Procedures Order (attached to the Bidding Procedures Order as <u>Exhibit 1</u>, the "<u>Bidding Procedures</u>").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures and the terms of any Successful Bid, the Debtors **may** assume and assign to the Successful Bidder the contract, lease, or agreement listed on <u>**Exhibit A**</u> (each, an "<u>Assigned Contract</u>") to which you are a counterparty, upon approval and consummation of the Sale Transaction.  The Debtors have conducted a review of their books and records and have determined that the cure amount for

---

[16]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201).  The location of the Debtors' service address is:  7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[17]  All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Order or the Bidding Procedures Motion, as applicable.

[18]  This relief granted in the Bidding Procedures Order is solely limited to the Debtors.

unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Amounts").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Amounts or object to a proposed assignment to a Successful Bidder of any Assigned Contract any Assigned Contract, your objection must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amounts, state the correct cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served and **actually received no later than December [●], 2023, at 4:00 p.m. (prevailing Eastern Time) (the "Assumption and Assignment Objection Deadline**") by the Court and the following parties:  (i) the Debtors, 7700 N. Palm Ave., Suite 206, Fresno, CA 93711; (ii)  counsel to the Debtors, (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan Blaine Bennett P.C. (ryan.bennett@kirkland.com), Whitney C. Fogelberg (whitney.fogelberg@kirkland.com), Rob Jacobson (rob.jacobson@kirkland.com), and Dave Gremling (dave.gremling@kirkland.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Delaware, Wilmington, Delaware 19801, Attn: Joseph M. Barry (jbarry@ycst.com), Kenneth J. Enos (kenos@ycst.com), and Andrew A. Mark (amark@ycst.com); (iii) counsel to the Committee, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 Attn: Jeffrey D. Prol (jprol@lowenstein.com), Bruce S. Nathan (bnathan@lowenstein.com), Andrew D. Behlmann (abehlmann@lowenstein.com), and Colleen M. Restel (crestel@lowenstein.com), and (b) Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801, Attn: Michael Busenkell (mbusenkell@gsbblaw.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 Attn:  Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any other party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that no later than **December 5, 2023 at 4:00 p.m. (prevailing Eastern Time)**, or as soon as reasonably practicable after the close of the Auction, the Debtors shall (a) file the Successful Bidder Notice with the Court (which notice shall identify the Successful Bidder, the amount of the Successful Bid, the Back-Up Bid, and the amount of the Back-Up Bid(s), and include the final form(s) of the Sale Order(s)), and (b) cause the Successful Bidder Notice to be published on the Debtors' restructuring website, https://cases.stretto.com/primawawona.  Further, the Debtors shall serve, by overnight mail, the Successful Bidder Notice and Sale Order(s), along with any adequate assurance materials, upon affected Contract Counterparties within six (6) hours following the conclusion of the Auction, or as soon as reasonably practicable thereafter.

**PLEASE TAKE FURTHER NOTICE** that if you object to the conduct of the Auction, the particular terms of any proposed Sale Transaction in a Successful Bid, the identity of the Successful Bidder(s) or Backup Bidder(s), or the ability of a Successful Bidder to provide adequate assurance of future performance with respect to any Assigned Contract, your objection must:  (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Rules, and any order governing the administration of these chapter 11 cases; (iii) state with

specificity the nature of the objection; and (iv) be filed with the Court and served and **actually received** no later than **December 6, 2023, at 4:00 p.m. (prevailing Eastern Time) (the "Post-Auction Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the cure amounts(s), (b) the proposed assignment and assumption of any Assigned Contract, or (c) adequate assurance of a Successful Bidder's ability to perform is filed by the Assumption and Assignment Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Amounts as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assigned Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to a Successful Bidder on the grounds that such Successful Bidder has not provided adequate assurance of future performance as of the closing date of the Sale Transaction.

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed assumption and assignment of an Assigned Contract or related Cure Amounts in connection with the Successful Bid that otherwise complies with these procedures yet remains unresolved as of the commencement of the Sale Hearing, shall be heard at a later date as may be fixed by the Court.

**PLEASE THAT FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assigned Contract on the Assumption and Assignment Notice does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and the Successful Bidder with respect to such executory contracts and/or unexpired leases are reserved.  Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or a Successful Bidder, as applicable, to designate any Assigned Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at https://cases.stretto.com/primawawona.

Dated: [●], 2023
Wilmington, Delaware

*/s/ DRAFT*
_____
Joseph Barry (Del. Bar No. 4221)
Kenneth J. Enos (Del. Bar No. 4544)
Andrew A. Mark (Del. Bar No. 6861)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        jbarry@ycst.com
              kenos@ycst.com
              amark@ycst.com

-and-

Ryan Blaine Bennett, P.C. (*pro hac vice* pending)
Whitney C. Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        ryan.bennett@kirkland.com
              whitney.fogelberg@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit A

## Potentially Assumed Contracts[1]

---

[1] The inclusion of a contrary, lease, or agreement on this list does not constitute an admission as to the executory or non-executory nature of such contract, lease, or agreement, or as to the existence or validity of any claims held by the counterparty or counterparties to such contract, lease, or agreement.  The Debtors reserve all rights with respect to assumption or rejection of any contract, lease, or agreement included on this list.

## Exhibit 4

**Form of Successful Bidder Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MVK FARMCO LLC, *et al.*,[1] | ) Case No. 23-11721 (LSS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. _** |

### NOTICE OF SUCCESSFUL BIDDER

**PLEASE TAKE NOTICE** that, on October 13, 2023, each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving Bidding Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Approving the Form and Manner of Notice Thereof, (III) Scheduling an Auction and Sale Hearing, (IV) Approving Procedures for the Assumption and Assignment of Contracts, and (V) Granting Related Relief* [Docket No. [●]] (the "Bidding Procedures Order"), authorizing the Debtors to solicit and select the highest or otherwise best offer(s) for a sale (or sales) (each, a "Sale Transaction") of (a) all or substantially all of the assets or (b) one or more, or any combination of, assets of one or more Debtors (each, an "Asset," and collectively, the "Assets").[2]

**PLEASE TAKE FURTHER NOTICE** that, on December 4, 2023 at 10:00 a.m. (prevailing Eastern Time), pursuant to the Bidding Procedures Order, the Debtors conducted the Auction with respect to the Assets at the office of Kirkland & Ellis LLP, 300 N. LaSalle Dr., Chicago, IL 60654 and/or via remote video at the Debtors' election.

**PLEASE TAKE FURTHER NOTICE** that, upon the conclusion of the Auction, the Debtors, in the exercise of their reasonable, good-faith business judgement, and in consultation with the Consultation Parties, have selected (a) [●] as a Successful Bidder (the "Purchaser"), and (b) [●] as a Back-Up Bidder.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201).  The location of the Debtors' service address is:  7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2]  Capitalized terms used but not defined herein have the meanings given to them in the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, as set forth more fully in that certain purchase and sale agreement (the "Purchase Agreement") between the Debtors (collectively, the "Sellers") and [●] (as Purchaser), the Successful Bid [●] provides a purchase price of $[●] for [the Assets].  Further, the Back-Up Bid submitted by the Back-Up Bidder provides for a purchase price of $[●] for [the Assets].

**PLEASE TAKE FURTHER NOTICE** that, the Debtors (as Sellers) and [●] (as Purchaser) entered into the Purchase Agreement to effectuate the Sale Transaction on the terms set forth in the Purchase Agreement, attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have determined to effectuate the Sale Transaction.

**PLEASE TAKE FURTHER NOTICE** that the proposed forms of order that the Debtors will seek to have the Court enter to authorize the Sale Transaction under the Purchase Agreement is attached hereto as **Exhibit B**.  The Debtors reserve the right to modify such proposed order prior to the Sale Hearing

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale Transaction of these Assets to the Purchaser at the Sale Hearing scheduled to commence on ***December 8, 2023, at 10:30 a.m. (prevailing Eastern Time)*** before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801.  The Sale Hearing may be adjourned by announcement in open Court or on the Court's calendar without any further notice required.

**PLEASE TAKE FURTHER NOTICE** that objections specific to the Auction or a Successful Bidder must be made on or before ***December 6, 2023 at 4:00 p.m. (prevailing Eastern Time)*** (the "Post-Auction Objection Deadline").  Objections must be made in writing, state the basis of such objection with specificity, and shall be filed with the Court, with a courtesy copy to chambers, and must be filed no later than the Auction Objection Deadline, as applicable, and must be served on the following parties:  (i) the Debtors, 7700 N. Palm Ave., Suite 206, Fresno, CA 93711; (ii) counsel to the Debtors, (a) Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan Blaine Bennett P.C. (ryan.bennett@kirkland.com), Whitney C. Fogelberg (whitney.fogelberg@kirkland.com), Rob Jacobson (rob.jacobson@kirkland.com), and Dave Gremling (dave.gremling@kirkland.com) and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Delaware, Wilmington, Delaware 19801, Attn: Joseph M. Barry (jbarry@ycst.com), Kenneth J. Enos (kenos@ycst.com), and Andrew A. Mark (amark@ycst.com); (iii) counsel to the Committee, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068 Attn: Jeffrey D. Prol (jprol@lowenstein.com), Bruce S. Nathan (bnathan@lowenstein.com), Andrew D. Behlmann (abehlmann@lowenstein.com), and Colleen M. Restel (crestel@lowenstein.com), and (b) Gellert Scali Busenkell & Brown, LLC, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801, Attn: Michael Busenkell (mbusenkell@gsbblaw.com); (iv) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 Attn:  Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and (v) any other party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that at the Sale Hearing, the Debtors will seek the Court's approval of the Successful Bid by the Purchaser.  Unless the Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction, and there will be no further bidding at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, unless an objection is timely filed regarding the assumption or assignment to the Successful Bidder of a contract or lease, such contract or lease shall be assumed and assigned to the Successful Bidder as of [●] (the "Assignment Date").

**PLEASE TAKE FURTHER NOTICE** that this Successful Bidder Notice is subject to the terms and conditions of the Bidding Procedures Motion and the Bidding Procedures Order, with such Bidding Procedures Order controlling in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety.

**PLEASE TAKE FURTHER NOTICE** that you may obtain additional information concerning the above-captioned chapter 11 cases at the website maintained in these chapter 11 cases at https://cases.stretto.com/primawawona.

*[Remainder of page intentionally left blank]*

Dated:  [●], 2023
Wilmington, Delaware

/s/ DRAFT

Joseph Barry (Del. Bar No. 4221)
Kenneth J. Enos (Del. Bar No. 4544)
Andrew A. Mark (Del. Bar No. 6861)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        jbarry@ycst.com
              kenos@ycst.com
              amark@ycst.com

-and-

Ryan Blaine Bennett, P.C. (*pro hac vice* pending)
Whitney C. Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        ryan.bennett@kirkland.com
              whitney.fogelberg@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit A**

**Purchase Agreement**

## Exhibit B

**Proposed Sale Order**