**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| MVK FARMCO LLC, *et al.*,[1] | ) Case No. 23-11721 (LSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 384 and 447 |

**NOTICE OF REJECTION**
**OF THE LEASE AGREEMENT WITH STONE COLD (CA) LP**

**THE PARTY RECEIVING THIS NOTICE SHOULD LOCATE ITS NAME AND ITS LEASE ON EXHIBIT A ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on January 4, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") approving procedures for the assumption, assumption and assignment, and rejection of executory contracts and unexpired leases and granting related relief [Docket No. 447] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that on January 4, 2024, the Debtors filed a written notice (the "First Rejection Notice") notifying Stone Cold (CA) LP ("Stone Cold") of their intent to reject the lease agreement (the "Lease Agreement") with Stone Cold as of January 4, 2024.

**PLEASE TAKE FURTHER NOTICE** that on January 12, 2024, the Debtors filed the *Notice of Removal of Contract from Rejection Notice* [Docket No. 487] withdrawing the First

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201). The location of the Debtors' service address is: 7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

31363766.1

Rejection Notice solely as it pertained to the Lease Agreement in light of the fact that the Debtors and Stone Cold had entered into negotiations regarding the consensual rejection of the Lease Agreement.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Second Rejection Notice"), the Debtors hereby notify Stone Cold that they have determined, in the exercise of their business judgment, that the Lease Agreement set forth on **Exhibit A** attached hereto is hereby rejected effective as of the date set forth in **Exhibit A** (the "Rejection Date"), or such other date as the Debtors and Stone Cold agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of the Lease Agreement must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than fourteen (14) calendar days after the date that the Debtors served this Notice: (i) the Debtors, MVK FarmCo LLC, 7700 N. Palm Ave., Suite 206, Fresno, California 93177; (ii) counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn.: Ryan Blaine Bennett (ryan.bennett@kirkland.com), Jaimie Fedell (jaimie.fedell@kirkland.com), Rob Jacobson (rob.jacobson@kirkland.com), and Dave Gremling (dave.gremling@kirkland.com) and (B) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Joseph M. Barry (jbarry@ycst.com), Kenneth J. Enos (kenos@ycst.com), and Andrew A. Mark (amark@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); (iv) counsel to the Committee, (A) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attn.: Jeffrey D. Prol

31363766.1

(jprol@lowenstein.com), Andrew D. Behlmann (abehlmann@lowenstein.com), Colleen M. Restel (crestel@lowenstein.com), and C. Patrick Thomas (cpthomas@lowenstein.com), (B) Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn.: Bruce S. Nathan (bnathan@lowenstein.com) and Michael A. Kaplan (mkaplan@lowenstein.com), and (C) Gellert Scali Busenkell & Brown, LLC, 1201 North Orange Street, Suite 300, Wilmington, Delaware 19801, Attn.: Michael Busenkell (mbusenkell@gsbblaw.com) and Michael Van Gorder (mvangorder@gsbblaw.com); (v) counsel to Wilmington Trust National Association, Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018, Attn.: Ronald Hewitt (rhewitt@cov.com) and Martin Beeler (mbeeler@cov.com); (vi) counsel to Coöperatieve Rabobank U.A., White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn.: Scott Greissman (sgreissman@whitecase.com), Andrew Zatz (azatz@whitecase.com), and Elizabeth Feld (efeld@whitecase.com); (vii) counsel to Metropolitan Life Insurance Company, (A) Morgan, Lewis & Bockius LLC, 101 Park Avenue, New York, New York 10178, Attn.: Glenn E. Siegel (glenn.siegel@morganlewis.com) and (B) Morgan, Lewis & Bockius LLC, 2222 Market Street, Philadelphia, Pennsylvania 19103, Attn.: Matthew C. Ziegler (matthew.ziegler@morganlewis.com); (viii) counsel to Compeer Financial, PCA, Compeer Financial, FLCA, AgCountry Farm Credit Services, PCA, AgFirst Farm Credit Bank and Farm Credit Bank of Texas, Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202, Attn.: Luis Lluberas (luislluberas@mvalaw.com), Gabriel L. Matthless (gabrielmathless@mvalaw.com), Matthew K. Taylor (matthewtaylor@mvalaw.com), and Halee Smith (haleesmith@mvalaw.com); and (ix) counsel to the Royal Bank of Canada, (A) Sidley Austin LLP, 555 West Fifth Street,

Los Angeles, California 90013, Attn.: Jennifer C. Hagle (jhagle@sidley.com), (B) Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn.: Leslie A. Plaskon (lplaskon@sidley.com), (C) Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, Attn.: Allison Ross Stromberg (astromberg@sidley.com), and (D) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn.: Mark D. Collins (collins@rlf.com) and David T. Queroli (queroli@rlf.com). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the Debtors shall seek entry of the proposed form of order attached hereto as **Exhibit B**, and the rejection of the Lease Agreement shall become effective on the Rejection Date set forth in **Exhibit A**, or such other date as the Debtors and Stone Cold agree.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of the Lease Agreement is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection. If such objection is overruled or withdrawn, the Lease Agreement shall be rejected as of the Rejection Date set forth in **Exhibit A** or such other date as the Debtors and Stone Cold agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with Stone Cold as a security deposit or other arrangement, Stone Cold may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and Stone Cold otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Exhibit A** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent Stone Cold wishes to assert a claim with respect to rejection of the Lease Agreement, Stone Cold must do so by the later of (a) the applicable deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the entry of an order of the Court approving the rejection. IF STONE COLD FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, STONE COLD WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:  February 28, 2024<br>Wilmington, Delaware | */s/ Joseph Barry* |

Joseph Barry (Del. Bar No. 4221)
Kenneth J. Enos (Del. Bar No. 4544)
Andrew A. Mark (Del. Bar No. 6861)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:	(302) 571-6600
Facsimile:	(302) 571-1253
Email:	jbarry@ycst.com
	kenos@ycst.com
	amark@ycst.com

-and-

Ryan Blaine Bennett, P.C. (admitted *pro hac vice*)
Jaimie Fedell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200
Email:	ryan.bennett@kirkland.com
	jaimie.fedell@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

31363766.1

## EXHIBIT A

### Rejected Contract

| | |
|---|---|
| **Counterparty** | Stone Cold (CA) LP |
| **Counterparty Address** | c/o WP Carey Inc.<br>One Manhattan West<br>395 9th Avenue, 58th Floor<br>New York, New York 10001 |
| **Debtor Counterparty** | Wawona Packing Co. LLC |
| **Locations Impacted** | 12133 Avenue 408, Cutler, CA 93615<br>3023 South Reed Avenue, Sanger CA 93657<br>14011 West Central Avenue, Kerman CA 93630<br>1467 East Dinuba Avenue, Reedley, CA 93654 |
| **Description of Contract**[1] | Lease Agreement |
| **Abandoned Personal Property, if Applicable** | N/A |
| **Rejection Date** | February 28, 2024 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

31363766.1

## EXHIBIT B

**Proposed Contract Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MVK FARMCO LLC, *et al.*,[1] | ) | Case No. 23-11721 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 384, 447, & [●]** |

**ORDER AUTHORIZING THE DEBTORS TO**
**REJECT THE LEASE AGREEMENT WITH STONE COLD (CA) LP**

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Assume or Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 447] (the "Contract Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of the Lease Agreement with Stone Cold (CA) LP* [Docket No. [●]] (the "Second Rejection Notice") satisfies the requirements set forth in the Contract Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Second Rejection Notice in this district is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201). The location of the Debtors' service address is: 7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Second Rejection Notice or the Contract Procedures Order, as applicable.

31363766.1

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Second Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Second Rejection Notice and opportunity for a hearing on the Second Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Second Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Second Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1.  The Lease Agreement set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Second Rejection Notice.

2.  Any and all property located on the Debtors' leased premises on the Rejection Date of the Lease Agreement shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Stone Cold may, in its sole discretion and without further order of this Court, utilize and/or dispose of such property and, to the extent applicable, the automatic stay is modified to allow such disposition; *provided* that, to the extent requested by Stone Cold, the Debtors shall be permitted to abandon the Abandoned Property to Stone Cold to facilitate Stone Cold's use or disposal of such Abandoned Property.

3.  If Stone Cold asserts a claim against the Debtors arising from the rejection of the Lease Agreement, Stone Cold must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the entry of an order of the Court approving the rejection. If no proof of claim is timely filed, Stone Cold shall be forever barred from asserting a claim for damages

arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.     Nothing contained in the First Rejection Notice, the Second Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the First Rejection Notice, Second Rejection Notice, or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of the Lease Agreement, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order, the First Rejection Notice, or the Second Rejection Notice shall limit the Debtors' ability to subsequently assert that the Lease Agreement is terminated and is no longer an executory contract or unexpired lease, respectively.

6.     Notice of the Second Rejection Notice as provided therein shall be deemed good and sufficient notice of such Second Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

**Rejected Contract**

| | |
|---|---|
| **Counterparty** | Stone Cold (CA) LP |
| **Counterparty Address** | c/o WP Carey Inc.<br>One Manhattan West<br>395 9th Avenue, 58th Floor<br>New York, New York 10001 |
| **Debtor Counterparty** | Wawona Packing Co. LLC |
| **Locations Impacted** | 12133 Avenue 408, Cutler, CA 93615<br>3023 South Reed Avenue, Sanger CA 93657<br>14011 West Central Avenue, Kerman CA 93630<br>1467 East Dinuba Avenue, Reedley, CA 93654 |
| **Description of Contract**[1] | Lease Agreement |
| **Abandoned Personal Property, if Applicable** | N/A |
| **Rejection Date** | February 28, 2024 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

31363766.1