IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MVK FARMCO LLC, *et al.*,[1] | ) | Case No. 23-11721 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 683 & 690 |

**ORDER (I) AUTHORIZING AND APPROVING THE
SALE OF CERTAIN NONRESIDENTIAL REAL PROPERTY
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion"),[2] October 13, 2023, of MVK FarmCo LLC and its affiliates debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order (the "Sale Order"): (a) approving the Debtors' entry into purchase and sale agreements

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201). The location of the Debtors' service address is: 7700 N. Palm Ave., Suite 206, Fresno, CA 93711.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion, the Purchase Agreement, the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, 507, and 552 and Fed. R. Bankr. P. 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Use Cash Collateral, and (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 508] (the "Interim DIP Order"), *Joint Chapter 11 Plan of Liquidation of MVK FarmCo LLC and Its Debtor Affiliates* [Docket No. 432] (together with any chapter 11 plan subsequently filed by the Debtors, the "Plan") or the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of MVK FarmCo LLC and Its Debtor Affiliates* [Docket No. 430] (the "Disclosure Statement"), as applicable.

substantially in the form attached as **Exhibit 3** through **Exhibit 12** hereto (each, a "Purchase Agreement," and collectively, the "Purchase Agreements") for certain nonresidential real property and any of the Debtors' rights in and title to any assets or property implicated by the Purchase Agreements, including crops growing or to be grown thereon (each real property, inclusive of the assets and property implicated by the applicable Purchase Agreement, a "Property," and collectively, the "Properties") located in or around Fresno, California, by and between Debtor Wawona FarmCo. LLC ("PropCo") and those certain purchasers identified on **Exhibit 1** hereto (each, a "Purchaser," and collectively, the "Purchasers") and as further specified in the applicable Purchase Agreement; (b) authorizing the Debtors to sell the Properties to the Purchasers, as described in the applicable Purchase Agreement, free and clear of liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code and the terms set forth in each applicable Purchase Agreement all as more fully set forth in the Motion; and upon the Sandahl Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Sale Hearing"), and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor; it is hereby **FOUND, CONCLUDED, AND DETERMINED THAT:**[3]

    A.    Notice. As evidenced by certificates filed with the Court [Docket No. 695], proper, adequate, and sufficient notice of, and a reasonable opportunity to object or otherwise to be heard regarding, (i) the Motion; (ii) the entry of this Sale Order; and (iii) the transactions contemplated under the Purchase Agreements have been provided to all parties entitled thereto. Such notice constitutes good and sufficient notice of, and a reasonable opportunity to object or be heard regarding, the Motion and the entry of this Sale Order under Bankruptcy Code §§102(1), 363, and 365 and Bankruptcy Rules 2002 (including, without limitation, 2002(i)), 6004, and 6006. No other or further notice of, opportunity to object to, or other opportunity to be heard regarding, the Motion or the entry of this Sale Order need be given to any entity.

    B.    Disclosures. The disclosures made by the Debtors in the Motion and related documents filed with the Court concerning the Purchase Agreements, and at the Sale Hearing were sufficient under the circumstances.

    C.    Sale in Best Interests of the Debtors' Estates. The Debtors' determination that sale of the Properties through a private sale on the terms and conditions set forth in each Purchase Agreement constitutes a valid and sound exercise of the Debtors' business judgment. The total consideration provided by the applicable Purchaser for the applicable Property as reflected in the

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

applicable Purchase Agreement represents not only a fair and reasonable offer to purchase such Property, but also the highest and best offer reasonably and practicably received by the Debtors for such Property.  No other entity or group of entities has presented a higher or otherwise better offer to the Debtors to purchase one or all of the Properties for greater economic value to the Debtors' estates than the Purchasers.  The transactions contemplated under the Purchase Agreements, including the total consideration to be realized by the Debtors thereunder, (i) are the highest and best offer received for each applicable Property by the Debtors after extensive marketing, including through the pre- and postpetition marketing processes, and (ii) are in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

       D.      <u>Good Faith</u>.  The sales process engaged in by the Debtors and the Purchasers, and the negotiation of the Purchase Agreements, was non-collusive, in good faith, and substantively and procedurally fair to all parties in interest.  Each Purchaser is purchasing the applicable Property in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.  No Purchaser or any of its affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective representatives, successors, or assigns is an "insider" (as defined under section 101(31) of the Bankruptcy Code) of any Debtor, and, therefore, each such person is entitled to the full protections of section 363(m), and otherwise has proceeded in good faith in all respects in connection with these chapter 11 cases in that:  (1) each Purchaser recognized that the Debtors were free to deal with any other party interested in acquiring the applicable Property; (2) all payments to be made by each Purchaser and other agreements or arrangements entered into by such Purchaser in connection with the applicable Sale Transaction have been disclosed; (3) each Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (4) the negotiation and execution of the Purchase Agreements,

4

including the applicable Sale Transaction contemplated thereby, were at arms'-length and in good faith.  There was no evidence of insider influence or improper conduct by any Purchaser or any of its affiliates in connection with the negotiation of the applicable Purchase Agreement with the Debtors.

E. No Collusion.  The Purchase Agreements and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code.  None of the Debtors, the Purchasers, or any of their respective affiliates, officers, directors, members, partners, principals, or shareholders (or equivalent) or any of their respective representatives, attorneys, successors, or assigns have engaged in any conduct that would cause or permit any Purchase Agreement or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

F. Purchaser Not a Successor.  By consummating the Sale Transactions pursuant to the Purchase Agreements, no Purchaser is a mere continuation of any Debtor or any Debtor's estate, and there is no continuity, no common identity, and no continuity of enterprise between any Purchaser and any Debtor.  By consummating the Sale Transactions pursuant to the Purchase Agreements, no Purchaser shall be deemed to be holding itself out as a continuation of the Debtors based on the Sale Transactions, any Purchase Agreement, or this Sale Order.  No Purchaser is a successor to any Debtor or any Debtor's estate by reason of any theory of law or equity, and the Sale Transactions do not amount to a consolidation, merger, or *de facto* merger of any Purchaser and the Debtors.  Neither the Purchasers nor any of their affiliates and their respective successors, assigns, members, partners, principals, and shareholders (or equivalent) shall assume or in any way be responsible for any obligation or liability of any Debtor (or any Affiliates thereof) or any Debtor's estate, except to the extent expressly provided in the applicable Purchase Agreement.

G. <u>Binding Agreement</u>.  Each Purchase Agreement is a valid and binding contract between PropCo and the applicable Purchaser and shall be enforceable pursuant to its terms.  The Purchase Agreements were not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under laws of the United States, any state, territory, possession, or the District of Columbia.  The Purchase Agreements and the Sale Transactions themselves, and the consummation thereof, shall be, to the extent provided in the applicable Purchase Agreement, specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed with respect to any of the Debtors, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.  The terms and provisions of each Purchase Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, and their creditors (whether known or unknown), the applicable Purchaser, and each of their respective affiliates, successors, and assigns, and any affected third parties, including, without limitation, all Persons asserting Encumbrances (collectively, the "<u>Bound Parties</u>"), notwithstanding any subsequent appointment of any trustee, examiner, or receiver under the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary under the Bankruptcy Code or any other law with respect to any of the Bound Parties, and all such terms shall likewise be binding on such trustee, examiner, receiver, party, entity, or other fiduciary, and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors or any trustee, examiner, receiver, party, entity, or other fiduciary.  The provisions of this Sale Order and the terms and provisions of each Purchase Agreement, shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtors, dismissing these chapter 11 cases, or converting these chapter 11 cases to

cases under chapter 7. The rights and interests granted pursuant to this Sale Order and applicable Purchase Agreement shall continue in these or any superseding cases and shall be binding upon the Bound Parties and their respective successors and permitted assigns including, without limitation, any trustee, party, entity, or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed for the Debtors under any provision of the Bankruptcy Code, whether the Debtors are proceeding under chapter 7 or chapter 11 of the Bankruptcy Code, shall be authorized and directed to perform under the Purchase Agreements and this Sale Order without the need for further order of the Court.

H. <u>Free and Clear Sale</u>. The Debtors sell the Properties, including, for the avoidance of doubt, any of the Debtors' rights in and title to any crops growing or to be grown thereon, free and clear of all claims against the Debtors, their estates, or any of the Properties (except to the extent set forth in the applicable Purchase Agreements) because, in each case, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Those holders of claims or interests who did not object or who withdrew their objections to the Motion are deemed to have consented pursuant to Bankruptcy Code section 363(f)(2). Those holders of claims or interests who did object, fall within one or more of the other subsections of Bankruptcy Code section 363(f), including that such holders of claims or interests are adequately protected by having their claims that constitute interests in the Properties, if any, attach to the proceeds of the Sale Transactions with the same priority that existed immediately prior to the Closing (as defined in the Purchase Agreements).

I. If the Sale Transactions were not free and clear of all claims, or if any Purchaser would, or in the future could, be liable for any of such claims (except to the extent set forth in the applicable Purchase Agreement), such Purchaser would not have entered into the applicable

Purchase Agreement and would not consummate the applicable sale transaction, thus adversely affecting the Debtors and their estates and creditors. In addition, the sale of the Properties other than pursuant to a transfer that is free and clear of all claims, interests, and encumbrances (except to the extent set forth in the applicable Purchase Agreement) would be of substantially less benefit to the Debtors' estates. The total consideration to be provided under each Purchase Agreement reflects the Purchaser's reliance on this Sale Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the applicable Property free and clear of all claims (except to the extent set forth in the applicable Purchase Agreement).

J. Application of Proceeds. Pursuant to the Interim DIP Order, the Properties constitute DIP Collateral and Prepetition Collateral and are subject to the Adequate Protection Liens and Prepetition Liens except, to the extent the sale is consummated after the Effective Date, as otherwise set forth in the Plan. All parties in interest reserve any right they may have to object to, or otherwise contest, the appropriate allocation of sale proceeds, including as to the allocation of sale proceeds among the Debtors.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief requested in the Motion is granted and approved to the extent indicated herein, and the Sale Transactions contemplated thereby are authorized and approved as set forth in this Sale Order.

2. All objections to the Motion or the relief requested therein that have not been withdrawn or otherwise resolved are overruled. All persons and entities with notice of the relief sought in the Motion and set forth in this Sale Order that failed to timely object thereto are deemed to consent to such relief, including for purposes of section 363(f)(2) of the Bankruptcy Code.

**Approval of the Sales**

3.  The Purchase Agreements and all other ancillary documents, and all of the terms and conditions thereof, and the Sale Transactions and related transactions contemplated thereby, are hereby approved in all respects, except as otherwise expressly set forth herein or as otherwise set forth in the Plan.  The failure specifically to include any particular provision of the Purchase Agreements in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that each Purchase Agreement be authorized and approved in its entirety.

4.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the sale of the Properties to the Purchasers pursuant to and in accordance with the terms and conditions of the applicable Purchase Agreement, (b) close the Sale Transactions as contemplated in the Purchase Agreements and this Sale Order, and (c) execute and deliver, perform under, consummate, and implement each Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the applicable Purchase Agreement and such other ancillary documents.

5.  This Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors, all holders of equity interests in the Debtors, all holders of any claims against any Debtor, any holders of claims against or on some or all of the Properties, all counterparties to any executory contract or unexpired lease of the Debtors, the Purchasers, any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in any of these chapter 11 cases or upon a conversion to chapter 7 of the Bankruptcy Code of any of the Debtors'

cases, and any filing agents, filing officers, title agents, recording agencies, secretaries of state, and other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Properties.  The terms and provisions of the Purchase Agreements and this Sale Order shall inure to the benefit of the Debtors, their estates and their creditors, the Purchasers and their Affiliates, and any other affected third parties, including all persons asserting any claims in the Properties to be sold pursuant to the Purchase Agreements, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise shall be binding.  This Sale Order shall survive any dismissal or conversion of any of these chapter 11 cases or any dismissal of any subsequent chapter 7 cases.

6. Notwithstanding any other provision herein or in the Purchase Agreements to the contrary, the Closing of each Sale Transaction for a Sun World Planted Property (as defined below) shall not occur unless and until either: (a) the Purchaser of such Property enters into an agreement with Sun World International, LLC ("Sun World") for lease of Sun World Variety (as defined in the applicable Proprietary Fruit Producer Lease Agreement between Sun World and the Debtors) plants on the Property in a form acceptable to Sun World or (b) all Sun World Variety plants are removed from such Property prior to Closing pursuant to and in accordance with the termination provisions of the applicable Proprietary Fruit Producer Lease Agreement between Sun World and the Debtors for such Property.  The "Sun World Planted Properties" (or each, a "Sun World Planted Property") subject to this Sale Order include those identified on **Exhibit 2** hereto, provided that

the provisions of this paragraph shall also apply to any other Property identified as having Sun World Variety plantings.

### Transfer of the Properties

7. The transfer of the Properties, including, for the avoidance of doubt, any of the Debtors' rights in and title to any crops growing or to be grown thereon, shall constitute a legal, valid, binding, and effective transfer of each such Property and, upon the Debtors' receipt of the purchase price, shall be free and clear of liens, claims, and encumbrances.  Those holders of claims who did not object (or who ultimately withdrew their objections, if any) to the Sale Transactions are deemed to have consented to the Sale Transactions being free and clear of their claims pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of claims who did object could be compelled in a legal or equitable proceeding to accept money satisfaction of such claims pursuant to section 363(f)(5) of the Bankruptcy Code, or fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are therefore adequately protected by having their claims that constitute interests in the Properties, if any, attach to the proceeds of the Sale Transactions with the same priority that existed immediately prior to the Closing (as defined in the Purchase Agreements).  Upon the Closing, the Debtors shall transfer to the Purchasers the applicable Property.  Pursuant to section 363(f) of the Bankruptcy Code, the transfer of the Properties, including, for the avoidance of doubt, any of the Debtors' rights in and title to any crops growing or to be grown thereon, shall be free and clear of liens and all interests, liabilities, obligations, or claims (including all "claims" within the meaning of section 101(5) of the Bankruptcy Code).

8. Notwithstanding any other provision herein or of the Purchase Agreements to the contrary, the Sale Transactions are not intended to and shall not be considered to transfer

ownership of or any rights to any Sun World Variety plants located on the Properties, which shall continue to be owned entirely and completely by Sun World.

9. All persons and entities holding liens or interests in the Properties arising under or out of, in connection with, or in any way relating to the Debtors or the transfer of such Properties to the Purchasers hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchasers or its successors or assigns, their property, or such persons' or entities' liens or interests in and to the Properties.

10. Notwithstanding any provision of the Purchase Agreements to the contrary, after the closing of the sale, the Debtors shall have no further liability with respect to the Properties, and any claims, whether administrative or otherwise, relating to or arising from such Properties after the closing of the sale asserted against the Debtors shall be deemed disallowed; *provided* that if any Sale Transaction shall Close after the Effective Date, any claims relating to or arising from the applicable Property shall be treated as set forth in the Plan.

11. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel any of the liens and other encumbrances of record.

12. If any person or entity that has filed statements or other documents or agreements evidencing liens on, or interests in, any Property shall not have delivered to the Debtors prior to the closing in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, and any other documents necessary for the purpose of documenting the release of liens or interests which the person or entity has or may assert with respect to such Property, the Debtors and the applicable Purchaser are hereby

authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to such Property.

13. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreements.

## **Other Provisions**

14. The Sale Transactions contemplated by the Purchase Agreements are undertaken by the Purchasers without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate any Sale Transaction shall not affect the validity of such Sale Transaction (including, for the avoidance of doubt, the sale of the Properties free and clear of all claims (unless otherwise assumed under, or permitted by, the applicable Purchase Agreement)), unless such authorization and consummation of such Sale Transaction was stayed pending such appeal.  The Purchasers are good-faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to the full protections of section 363(m) of the Bankruptcy Code.  The Purchasers have not colluded with any of the other Purchasers, potential

purchasers, or any other parties interested in the Properties, and therefore the sale of the Properties may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

15.     The automatic stay pursuant to section 362 is hereby lifted to the extent necessary, without further order of this Court, to (i) allow the Purchasers to deliver any notice provided for in the Purchase Agreements and any ancillary documents and (ii) allow the Purchasers to take any and all actions permitted under this Sale Order, the Purchase Agreements, and any ancillary documents in accordance with the terms and conditions thereof.

16.     The Debtors, including their respective officers, employees, and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the Purchase Agreements and this Sale Order.  The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of the Purchase Agreements, this Sale Order and the relief granted pursuant to this Sale Order.

17.     From time to time, as and when requested by any party, each party to the Purchase Agreements shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the Sale Transactions, including such actions as may be necessary to vest, perfect or confirm, of record or otherwise, in a Purchaser its right, title and interest in and to the Property.

18.     The parties to the Purchase Agreements may make any non-material modifications, amendments or supplements to such agreement and to any related agreements, documents or other instruments in accordance with the terms thereof without further order of this Court.

19. Notwithstanding the provisions of the Bankruptcy Rules, including Bankruptcy Rules 6004(h), 6006(d), and 7062, or any applicable provisions of the Local Rules, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is waived and shall not apply. Time is of the essence in closing the Sale Transactions and the Debtors and the Purchasers intend to close the Sale Transactions as soon as practicable.

20. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Sale Order and the Purchase Agreements, all amendments thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Properties.

**Dated: March 11th, 2024**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
**UNITED STATES BANKRUPTCY JUDGE**