# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 23-11721 (LSS) |
| MVK FARMCO LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | <u>Re Docket Nos.</u>:  979, 1100, 1117, 1118, 1152, 1154 |
| | <u>Hearing Date</u>:  TBD (if requested by the Court) |

## LIMITED OBJECTION TO LIQUIDATING TRUSTEE'S "SUPPLEMENTAL OBJECTION" TO ADMINISTRATIVE EXPENSE CLAIM OF OSCAR GARCIA BONILLA

Administrative claimant Oscar Garcia Bonilla ("**Garcia**") hereby objects to the *Liquidating Trustee's Supplemental Objection to Administrative Expense Claim of Oscar Garcia Bonilla* (the "**Supplemental Objection**") to the extent that the Liquidating Trustee has used the Court's request for further briefing on limited issues to assert a new objection to the *Request of Oscar Garcia Bonilla for Payment of Administrative Expense Claim* (the "**Request**").[2]

1.  The Court asked the parties to file supplemental briefs to provide guidance to the Court beyond *M Group*, particularly with respect to *Public Ledger* and its progeny.  At the Hearing, Garcia's counsel also offered to submit a supplemental brief to answer the Court's related question regarding whether severance pay constitutes wages under applicable non-bankruptcy law.  The

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: MVK FarmCo LLC (5947); MVK Intermediate Holdings LLC (6016); Gerawan Farming LLC (1975); Gerawan Supply, Inc. (6866); Gerawan Farming Partners LLC (0072); Gerawan Farming Services LLC (7361); Wawona Farm Co. LLC (1628); Wawona Packing Co. LLC (7637); and GFP LLC (9201).

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Request, Garcia's reply to the Liquidating Trustee's Objection, or Garcia's supplemental brief.

Court did *not* invite the parties to raise new legal theories in favor of or against allowance of Garcia's Administrative Claim. Garcia is reluctant to file further papers when the parties agreed to one round of concurrent briefing, but feels compelled to file this objection to consideration of the Supplemental Objection to the extent that the Liquidating Trustee attempts to raise a new argument unrelated to the limited legal issues the Court asked the parties to address.

2. When these cases were filed, the Debtors' expert attorneys at Kirkland & Ellis LLP and the Debtors' CEO John Boken – a Managing Director at AlixPartners, LLP, who had over 30 years of corporate restructuring experience and led more than 75 restructuring projects in a variety of industries[3] – determined that Garcia and certain other employees were *not* "insiders." Based on the experts' determination, the Debtors consistently treated Garcia and similarly situated employees as non-insiders. Thus, for example, when the Statement of Financial Affairs for Wawona Packing Co. LLC (the Debtors' main operating entity) listed payments made within one year prepetition to or for the benefit of insiders, it did not list any payments made to or for the benefit of Garcia or similarly situated employees.[4]

3. Before Garcia filed the Request, the parties exchanged correspondence regarding Garcia's alleged administrative claim. After Garcia filed the Request, the Liquidating Trustee filed her Objection (*docket no. 1100*). Consistent with the Debtors' conclusion, the Liquidating Trustee never alleged that Garcia was an insider or that section 503(c)(2) applied.

4. Ignoring the limited scope of the Court's request for supplemental briefing, the Liquidating Trustee now argues that the Court should deny Garcia's Request because he was "presumably" an insider (ignoring the fact that the Debtors did not identify him as an insider) and

---

[3] Docket no. 13 (first-day declaration of John Boken), ¶ 2,

[4] *See* docket no. 203, pp. 114-117. In contrast, the SOFA listed payments made to Justin Birch, the Debtors' former CFO, because the Debtors determined that Mr. Birch qualified as an insider.

because Garcia has not submitted evidence with respect to that issue. The Supplemental Objection refers to this as "[a]n outstanding issue that was raised at the Hearing" even though, even at the Hearing, the Liquidating Trustee never actually asserted that Garcia's Request should be denied on such grounds. Garcia respectfully objects to consideration of this new argument because the Liquidating Trustee waived / forfeited the argument by not raising it in the Objection and cannot complain that Garcia did not rebut an argument that the Liquidating Trustee never actually made.

Dated: February 20, 2025
Los Angeles, California[5]

LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.

/s/ John N. Tedford, IV
John N. Tedford, IV
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:   (310) 229-1234
Facsimile:   (310) 229-1244
Email:   JNT@LNBYG.com

*Counsel for Oscar Garcia Bonilla*

---

[5] Local Rule 9010-1(e)(iii) provides that a motion for admission pro hac vice and association with Delaware counsel is not required for claim litigation. The text of the rule refers to the filing and prosecution of a party's "proof of claim" or a response to an objection to the party's claim. Out of an abundance of caution, Garcia respectfully requests that the Request be deemed a proof of claim for purposes of Local Rule 9010-1(e)(iii). Of course, if directed by the Court, Garcia's California counsel will file a motion for admission pro hac vice and associate with local counsel.

## **CERTIFICATE OF SERVICE**

      I certify that, on February 20, 2025, a true and correct copy of the *Objection to Liquidating Trustee's Supplemental Objection to Administrative Expense Claim of Oscar Garcia Bonilla* was (1) electronically filed and served via CM/ECF upon all parties requesting electronic notices in this case and (2) served via first class mail upon the parties below.

***Co-Counsel to Anna Phillips, Liquidating Trustee of the PW OpCo Liquidating Trust***

| | |
|---|---|
| David G. Dragich<br>Amanda C. Vintevoghel-Backer<br>Eric C. Addy<br>The Dragich Law Firm, PLLC<br>17000 Kercheval Ave., Suite 210<br>Grosse Pointe, MI  48230 | Daniel J. DeFranceschi<br>Michael J. Merchant<br>Matthew P. Milana<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 N. King St.<br>Wilmington, DE  19801 |

***Office of the United States Trustee***

Rosa Sierra-Fox
Office of the U.S. Trustee
844 King St., Suite 2207
Lockbox 35
Wilmington, DE  19801


                                        */s/ John N. Tedford, IV*
                                        John N. Tedford, IV (CA SBN 205537)